■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT J. FORMAN, Appellant. — Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered June 6, 1983, which revoked defendant's probation and imposed a sentence of imprisonment.

On July 21, 1982, defendant was indicted for burglary in the second degree and grand larceny in the third degree. He pleaded guilty to burglary in the second degree in satisfaction of the indictment and, treated as a youthful offender, was sentenced to 60 days in jail plus five years of probation. A condition of his probation was that he should enter, participate and cooperate in a residential treatment facility at Teen Challenge and remain in such program until given a satisfactory discharge. On February 14, 1983, at defendant's request, the trial court amended the condition of probation and directed that defendant participate in a residential treatment facility at Alpha House and remain in such program until given a satisfactory discharge.

By his own admission, defendant violated the rules of the residential facility by leaving without permission and returning to his home. On May 6, 1983, Alpha House terminated its relationship with defendant without having given him a satisfactory discharge. At a subsequent probation revocation hearing, defendant urged justification for his violation of the rules of Alpha House. He contended that his mother was seriously ill and required brain surgery which he feared would be fatal. Although his contention cannot be challenged as to his state of mind, his testimony revealed that he made no effort to seek permission to leave the institution. It is inconceivable that had he sought permission it would have been denied if his mother was, in fact, seriously ill and in danger of death. By his own admission, while he was in his hometown and absent from Alpha House, he spent time cleaning marihuana and buying beer for friends who, presumably, were under age to make such purchases. It appears from the testimony of defendant that upon his return to Alpha House, he was questioned by a committee and it was only after the revelations described above that a decision was made that his status at Alpha House should be terminated.

The record clearly indicates that defendant was addicted to alcohol and hard drugs and that at one time the weekly cost of his addiction was $1,200.

The trial court revoked probation and resentenced defendant to incarceration for a term of 1⅓ to 4 years. This appeal ensued.

It is solely within the discretion of the trial court whether a sentence of probation should be revoked and such decision

should not be disturbed on appeal unless there is a clear abuse of discretion (*People v Slavin,* 52 AD2d 1012). In our view the record fully supports the decision of the trial court, and we conclude that its discretion was most providently exercised.

Defendant contended that the court erred in admitting a written report from Alpha House into evidence without a proper foundation establishing it as a business record. We do not address the merits of such contention because the testimony of defendant himself provided adequate basis for a finding that he had violated a condition of his probation.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.