■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS F. RICKETT, Appellant.—Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered December 21, 1989, which resentenced defendant following his conviction of the crime of burglary in the third degree.

After originally sentencing defendant as a second felony offender to a prison term of 3 to 6 years, the sentence to run concurrent to the remainder of a prior unserved sentence, County Court resentenced defendant to a prison term of 2½ to 5 years, the sentence to run consecutive with the prior unfinished sentence. Defendant first contends that his resentence was improper. However, because defendant's initial sentence was illegal, in that County Court was required to impose a consecutive rather than a concurrent sentence (Penal Law § 70.25 [2-a]), the court had the inherent power to correct any error that it made at sentencing *(see, People v Wright,* 56 NY2d 613, 614). Nor can it be said that the sentence defendant ultimately received was harsh or excessive. First, defendant specifically acknowledged at his plea that no promises regarding sentence had been made. Furthermore, three other

charges were dropped as a result of the plea arrangement. These circumstances, coupled with defendant's criminal record and the fact that he committed this crime while on parole, do not warrant reduction of the sentence *(see, People v Dean,* 155 AD2d 774, 775, *lv denied* 75 NY2d 812; *People v McManus,* 124 AD2d 305).

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Crew III, JJ., concur.