■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. HALPERIN, Appellant. [596 NYS2d 407] —Judgment of the Supreme Court, New York County (Jay Gold, J.), entered on July 8, 1992, which revoked defendant's probation for failure to pay restitution within the prescribed time period and resentenced him to concurrent terms of incarceration of from two to six years, one to three years and one to three years, is unanimously reversed on the law, the facts and in the exercise of discretion, defendant's probation reinstated and he is directed to pay, within 60 days of the date of this order, the balance of any amount still owed by him.

Defendant, a director of the Nate B. and Frances Spingold Foundation, Inc., a not-for-profit corporation which makes contributions for charitable, educational and religious purposes, was indicted in October of 1990 for grand larceny in the second degree and other assorted crimes. Specifically, it was

alleged that he had converted more than $370,000 in money and property belonging to the foundation. Defendant subsequently pleaded guilty, and, on September 23, 1991, he was sentenced to a period of incarceration for six months to be served concurrently with a five year term of probation and 1,500 hours of community service. Defendant was also ordered to make restitution in the total amount of $407,193, the first half of which was due on March 23, 1992 and the remainder on September 23, 1992.

The first payment was supposed to be made some two months after defendant's release from jail, but he failed to pay any restitution. Accordingly, a violation of probation hearing ensued. Defendant claimed financial incapacity, a fact with which the People strongly disputed. However, in the course of a conference concerning this matter, the court extended the time to tender payment, and defendant then made timely payment of the first installment to the Probation Department. The Assistant Attorney-General objected to the source of the funds, complaining that defendant had obtained some of the money by conveying to his mother-in-law certain art and jewelry, among them a painting purportedly stolen by defendant from the foundation. The court, consequently, rejected the payment, concluding that defendant had violated the conditions of his probation. His probation was revoked, and he was resentenced to concurrent terms of imprisonment of from two to six years, one to three years and one to three years.

This was error. None of the assets whose sale funded the restitution payment, including the subject painting, was encumbered by any prohibition against their transfer. Moreover, when defendant pleaded guilty, he expressly denied having stolen the painting. Indeed, it has never been established that the painting or any of the other personal property sold by defendant to meet the first installment was stolen. Although it is within the discretion of the trial court to decide whether probation should be revoked (People v Forman, 105 AD2d 984), unsupported assertions by the People that the restitution offered by defendant was financed by stolen assets and/or property at below value prices is simply insufficient to justify the revocation of probation. Rather, the prosecution is obliged to demonstrate that the proposed payment is the fruit of unlawful conduct. In the absence of such evidence, defendant's probation should not have been revoked. Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.