■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JAMES J. DOLAN, JR., Appellant. [614 NYS2d 945] —White, J. Appeal from a judgment of the County Court of Columbia County (Harris, J.), rendered March 30, 1992, which revoked defendant's probation and imposed a sentence of imprisonment.

Following trial, defendant was convicted of, *inter alia,* four misdemeanors for which he received a sentence on April 18, 1991 of three years' probation and fines totaling $2,000. Among the conditions of probation were that defendant was to refrain from consorting with disreputable people and that he was to perform 350 hours of community service. On May 15, 1991, defendant's obligation to pay the fines and perform community service was stayed pending appeal. We affirmed the misdemeanor convictions on November 27, 1992 (172 AD2d 68, *lv denied* 79 NY2d 946). Thereafter, on February 28, 1992, the Probation Department filed a violation of probation petition alleging that defendant failed to pay the fines, failed to perform community service and had refused to refrain from consorting with disreputable people. At the conclusion of the requisite hearing *(see,* CPL 410.70 [3]), County Court found that the allegations relating to defendant's failure to pay the fines and perform community service had been sustained. County Court thus revoked the sentence of probation and resentenced defendant to a three-year term of probation with the following conditions: a 60-day period of incarceration and 700 hours of community service.* Defendant now appeals.

The issue of whether defendant failed to perform community service distilled to an issue of credibility which County Court resolved against him. Inasmuch as the record provides no reason to disturb County Court's resolution of this credibility issue to which we accord great weight *(see, People v Mitchell,* 184 AD2d 737, *lv denied* 80 NY2d 907), and as the credible evidence shows that defendant refused to perform 350 hours of community service, we find that County Court's determination that defendant violated the conditions of his probation is supported by a preponderance of the evidence *(see,* CPL 410.70 [3]). Accordingly, since County Court acted well within its discretion, we affirm *(see, People v Forman,* 105 AD2d 984).

In view of this, we need not reach the issue of whether

---

* We have been advised that defendant has served his sentence, performed his community service obligation, paid the fines and completed his term of probation.

defendant's failure to pay the fines was also a violation of probation.

Mikoll, J. P., Crew III, Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.