■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK R. JOHNSON, Appellant. [617 NYS2d 577] —Casey, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered August 10, 1992, which revoked defendant's probation and imposed a sentence of imprisonment.

For a period of time defendant has engaged in a pattern of harassment of the female victim, which has led to several convictions and jail time. While on probation for one of the convictions, defendant authored a letter which he signed with the victim's name and sent to a post office box in response to a personal advertisement in a newspaper. The victim thereafter received an unsolicited communication from the person who placed the personal advertisement. As a result of defendant's conduct, a petition was filed which alleged that defendant had been charged with a new crime and had violated other conditions of probation. In particular, defendant was alleged to have been charged with forgery in the third degree and aggravated harassment in the second degree and to have violated an order of protection which he had been directed to comply with as a condition of probation. After a hearing, County Court found the People had met their burden of establishing that defendant violated probation. Probation was revoked and a sentence of imprisonment of 2⅓ to 7 years was imposed.

Defendant contends that there is insufficient evidence to

support a finding of a violation of probation. There is, however, abundant uncontradicted evidence that defendant wrote the letter, and his intent to harass or annoy is readily inferable from his pattern of conduct toward the victim. Despite the absence of any direct testimony that the letter and resulting communication from the person who placed the personal advertisement actually annoyed or alarmed the victim, the trier of fact could reasonably conclude that the communication was likely to cause annoyance or alarm in the circumstances. Accordingly, the proof was sufficient to establish that defendant committed the crime of aggravated harassment in the second degree. The People were only required to establish a violation by a preponderance of the evidence (CPL 410.70 [3]), and the commission of an additional offense constitutes a ground for revocation (CPL 410.10 [2]; *see, People v Britton,* 158 AD2d 932, *lv dismissed* 76 NY2d 785).

Having concluded that the evidence is sufficient to support a finding of aggravated harassment in the second degree, which is a ground for revocation, we see no need to pass on the question of whether defendant's conduct also constituted forgery in the third degree. Inasmuch as the revocation need not be based on defendant's violation of the order of protection, which was incorporated into the conditions of probation pursuant to Penal Law § 65.10 (2) (k) *(see also,* CPL 530.13 [8]), we see no need to address defendant's claims concerning the order of protection. Finally, we see no abuse of discretion in County Court's imposition of the harshest possible sentence upon revocation of probation. Despite having received a measure of leniency upon his prior convictions, defendant continued his unlawful pattern of harassment.

Cardona, P. J., Mikoll, Mercure and White, JJ., concur. Ordered that the judgment is affirmed.