■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR T. LILLEY, II, Appellant. [656 NYS2d 491] —White, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered November 28, 1995, which revoked defendant's probation and imposed a sentence of imprisonment.

In December 1992, defendant pleaded guilty to attempted sexual abuse in the first degree and was thereafter sentenced to 180 days in jail to be served concurrently with a five-year probationary period. In November 1993, defendant was found to have violated his probation but County Court imposed no additional penalties and probation was continued. In November 1995, as a result of a drinking party and liaison with a 15-year-old girl, defendant, after a hearing before County Court, was found to have violated his probation in that he consumed alcoholic beverages, had unsupervised contact with persons

under 17, provided alcoholic beverages to an individual under 21 and committed the offenses of rape in the third degree and unlawfully dealing with a child. As a result of its findings, County Court revoked defendant's probation and sentenced him to a prison term of 1¹/₃ to 4 years. Defendant contends on this appeal that the People failed to prove the violations by a preponderance of the evidence and that the sentence imposed was harsh and excessive.

Defendant's brief primarily challenges the sufficiency of the evidence regarding the allegation of rape and thus we find that he has waived any argument relating to the other probation violations (see, People v Jansen, 145 AD2d 870, 871, lv denied 73 NY2d 923). The record shows that after an afternoon beer party involving defendant, several of his friends and two 15-year-old girls, the party adjourned to the home of one of defendant's friends during which time defendant and one of the females engaged in sexual intercourse. There was proof that at the time of the incident the victim was 15 and defendant was 21, and that defendant provided beer to the victim. Although there was conflicting testimony, County Court assessed the credibility of the various witnesses and found that defendant had violated his probation by committing the offenses of rape in the third degree, as well as the other violations alleged (see, People v Marx, 222 AD2d 763, 764; People v Raleigh, 184 AD2d 869, 870, lv denied 80 NY2d 908; People v Tyrrell, 101 AD2d 946; People v Crandall, 51 AD2d 841, 842). We concur with County Court's determination since the victim's direct testimony, coupled with other proof, established by a preponderance of the evidence that defendant violated the conditions of his probation (see, People v Dolan, 206 AD2d 669, 670; People v Mitchell, 201 AD2d 507, 508).

As to defendant's challenge to the sentence imposed, in view of defendant's prior and current probation violations we do not find the sentence unduly harsh (see, People v Santos, 233 AD2d 627; People v Yusko, 222 AD2d 928, lv denied 87 NY2d 1027; People v Gethers, 212 AD2d 544, 545, lv denied 85 NY2d 973; People v Forman, 105 AD2d 984, 985).

Since neither the revocation of defendant's probation nor the sentence imposed constitutes an abuse of County Court's discretion, we affirm the judgment.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.