■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW J. MCNEIL, Appellant. [701 NYS2d 460] —Appeals (1) from a judgment of the County Court of Cortland County (Avery, Jr., J.), rendered December 10, 1998, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated and resisting arrest, and (2) from a judgment of said court, rendered December 10, 1998, which revoked defendant's probation and imposed a term of imprisonment.

In October 1995, defendant was convicted of driving while intoxicated and aggravated unlicenced operation of a motor vehicle in the third degree and sentenced to five years' probation, license revocation and fines. Thereafter, on September 12, 1998, defendant pleaded guilty to driving while intoxicated and resisting arrest. Although the negotiated sentence of this plea was conditioned upon, *inter alia,* defendant's appearance on the scheduled sentencing date, defendant did not appear. In the meantime, defendant violated his probation stemming from the October 1995 conviction by consuming alcoholic beverages

on September 29, 1998. Thereafter, on December 10, 1998, defendant's October 1995 probation for indictment No. 95-85 was revoked and defendant was resentenced to concurrent terms of 1 to 3 years in prison for the driving while intoxicated count and six months in jail for the aggravated unlicenced operation count. As for the guilty plea to indictment No. 98-72, defendant was sentenced to an indeterminate term of 1 to 3 years in prison for the driving while intoxicated count, which was to run consecutively with the resentence imposed on indictment No. 95-85. Defendant was sentenced to time served with respect to the resisting arrest conviction. Defendant appeals.*

We are not persuaded by defendant's contention that the sentences imposed upon both indictment Nos. 95-85 and 98-72 are harsh and excessive. In light of defendant's violation of his probation a little over 10 days after pleading guilty to his second charge of driving while intoxicated and having voluntarily and knowingly pleaded guilty to violating his probation, the resentence is not harsh and excessive (*see, People v Rickett*, 171 AD2d 908). Likewise, a review of the record reveals no abuse of discretion on the part of County Court in sentencing defendant to a prison term within the statutory parameters, nor do any extraordinary circumstances exist that warrant modification (*see, People v Bass*, 261 AD2d 651). These factors, together with defendant's history of criminal conduct, lead to the conclusion that consecutive sentences with respect to the two driving while intoxicated convictions were appropriate (*see, People v Cross*, 242 AD2d 803, *lv denied* 91 NY2d 833).

Cardona, P. J., Mercure, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgments are affirmed.

---

* Although defendant neglected to include the indictment numbers from both sentences in the notice of appeal, dated December 22, 1998, in the interest of justice we hold that the judgment rendered under indictment No. 98-72 is deemed amended to include the judgment rendered under indictment No. 95-85 (*see,* CPL 460.10 [6]; *People v Gomez*, 205 AD2d 799, *lvs denied* 84 NY2d 826, 832).