OPINION OF THE COURT
Memorandum.
Judgment of conviction for criminal contempt in the second degree unanimously reversed upon the law and information dismissed.
Judgment of conviction for aggravated harassment in the second degree unanimously affirmed, and matter remitted to the Justice Court of the Town of Poughkeepsie pursuant to CPL 460.50 (5) for defendant to surrender himself to resume execution of his sentence.
The People’s evidence at trial shows that in late November 1998 defendant approached a younger co-worker who was more familiar with computers and asked if they could create an anonymous Web site. Defendant’s stated purpose was to negatively depict complainant, a woman with whom he had shared a prior relationship. Defendant said that complainant was falsely accusing and harassing him, that she had had him arrested and that he just wanted to strike back at her. The coworker, who would later testify for the People at trial, agreed to set up the site. Defendant furnished suggestive photographs of complainant which the co-worker put on the Internet while trying to leave no trail. During the creation of the Web site, the two chatted on AOL through a real time chat program. The coworker typed in express references to intimate body parts and attributed to complainant an infatuation with sex. At one or two points within the Web page, defendant asked him to include statements that complainant would drive out to meet people and that they should contact her. Defendant supplied complainant’s address and telephone numbers for the Web page, so that she could be reached at home, where she lived with her parents and younger sisters, or at her place of employment. Defendant subsequently asked the co-worker to create another anonymous E-mail account so that they could read what people were saying about the Web site. In addition, defendant mentioned making the Web site to another witness who knew him and complainant.
The evidence also includes the testimony of complainant concerning her receipt of two calls at work in December 1998 and her reactions of crying and being frightened. She asked the first caller to send her the offensive material and she *443 subsequently received copies of the three pages in the mail. The second caller gave her the address of the Web site, and complainant, with the help of a friend’s husband, obtained a printout from a computer.
An investigator from the New York State Police testified that he ascertained that the author of the Web page was using the AT&T account of a person with the same surname as defendant’s co-worker. The account was created on November 27, 1998 and the photographs put up on the site on December 1. A change was made on December 8 but the investigator could not say what the change was. Another investigator testified to having interviewed defendant and the co-worker. When said investigator was at the co-worker’s house, the co-worker brought the Web site up for his viewing. At the police barracks, the co-worker telephoned defendant and, during their taped conversation, told him that it would only take a couple of seconds to delete the Web site for him. Defendant replied, ‘Yeah, I don’t care[;] I mean, it doesn’t have any effect for me now.”
The defense offered conflicting testimony which, however, did not persuade the jury.
Upon this appeal, the parties contend that a novel question is presented with regard to the applicability of the aggravated harassment provision to computer-initiated situations. Penal Law § 240.30 (1) states:
“A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she:
“1. Communicates, or causes a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm.”
With regard to the above language, we are of the view that it is broad enough to hold that by use of a computer, defendant and his co-worker “cause [d] a communication to be initiated by mechanical or electronic means or otherwise” (Penal Law § 240.30 [1] [emphasis added]). The means by which communication to the victim was made was the telephone, a device plainly within the ambit of the statute (People v Viau, 50 NY2d 1052, 1053). Inasmuch as defendant acted with the requisite intent and in a manner likely to cause annoyance or alarm, his commission of every element of the offense should be deemed proven.
*444 Note might also be made that the instant offense did not merely involve, as in the case of People v Dupont (107 AD2d 247), a distribution of materials. Defendant did not simply distribute his materials over the Internet but also directed people to complainant’s home and place of employment. Communication was “directed to an unwilling listener in circumstances wherein ‘substantial privacy interests are being invaded in an essentially intolerable manner’ ” (People v Dupont, supra, at 252, citing Cohen v California, 403 US 15, 21). Nor should defendant be exculpated because he, instead of placing the phone call to his victim himself, used others to do so. In People v Johnson (208 AD2d 1051, 1052, lv denied 85 NY2d 910), the Court observed that aggravated harassment in the second degree was established by evidence showing that the defendant wrote a letter which he signed with the victim’s name, that he sent it to a post office box in response to a personal ad in a newspaper, and that the victim received an unsolicited communication from the person who had placed the personal ad.
We are of the view that the evidence did not establish, on the other hand, criminal contempt in the second degree, which entails “Intentional disobedience or resistance to the lawful process or other mandate of a court” (Penal Law § 215.50 [3]). The order of protection which defendant was alleged to have violated was served on him on December 16, 1998. By that date, the offensive Web site had already been created. The order contained no specific direction to defendant to take steps to have the Web site deleted; complainant was as yet unaware of the same. It directed him in general terms to stay away from her home, school, business and place of employment, and to refrain from assaulting, harassing, intimidating, threatening or otherwise interfering with her. Under the circumstances, it does not appear that defendant was made sufficiently aware that a link might be drawn between the court’s order and what he had previously done (see, Matter of Holtzman v Beatty, 97 AD2d 79, 82).
The other issues raised herein are either unpreserved for appellate review or lacking in merit (see, e.g., CPL 470.05 [2]; People v Ventimiglia, 52 NY2d 350; People v Linton, 166 AD2d 670, lv denied 77 NY2d 879; People v Hill, 163 AD2d 813, lv denied 76 NY2d 987).
DiPaola, P. J., Floyd and Palella, JJ., concur.