(November 16, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG ACKERMAN, Appellant. [716 NYS2d 432] —Rose, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered May 19, 1999, which revoked defendant's probation and imposed a term of imprisonment.

On June 19, 1995, defendant was sentenced to five years' probation upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree. Defendant thereafter was found to have violated the terms of his probation by failing to abstain from the use of illegal drugs and failing to submit to a drug test. County Court revoked defendant's probation and sentenced him to 3 to 9 years in prison. This appeal ensued.

We are unpersuaded by defendant's contention that the People failed to prove that he violated the terms of his probation by a preponderance of the evidence. The record reveals that defendant was aware of and understood the terms of his probation. Nevertheless, defendant's probation officer, Gerard Wierzicki, testified that on February 22, 1999 defendant refused to submit a urine sample as required by the terms of

his probation and that defendant admitted that he had used crack cocaine and marihuana the previous weekend. Richard Scott, another probation officer present on the day in question, corroborated Wierzicki's testimony regarding defendant's conduct and admission on February 22, 1999, noting that defendant appeared disheveled and "messed up." Defendant denied refusing to submit a urine sample and testified that he only admitted to using illegal drugs at Wierzicki's insistence in order to get into a drug treatment program.

Affording great weight to County Court's assessment of the credibility of the witnesses (*see, People v Lilley*, 238 AD2d 755, *lv denied* 90 NY2d 860; *People v Dolan*, 206 AD2d 669, 670), and given the corroborated testimony of the probation officers, we find that the court's conclusion that defendant violated the conditions of his probation is supported by a preponderance of the evidence (*see, People v McCaffrey*, 254 AD2d 304; *People v Parmeter*, 238 AD2d 811). We have reviewed defendant's remaining contentions and find them to be without merit.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.