■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEISA S. LA SHOMB, Appellant. [728 NYS2d 586] —Rose, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandra, J.), rendered July 14, 2000, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was indicted for driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2). She entered a guilty plea and was sentenced to five years' probation under written terms and conditions in September 1999. Among these conditions, she was not to consume any alcoholic beverages or commit any additional offenses. In June 2000, a declaration of delinquency was filed alleging that defendant had violated both of these conditions of her probation. After a hearing, County Court found defendant to be in violation and imposed a

---

sentence of 1 to 4 years in prison. Defendant appeals and we affirm.

County Court's decision to revoke defendant's probation will not be disturbed absent a "clear abuse of discretion" (*People v Forman*, 105 AD2d 984, 985; *see, People v Barber*, 280 AD2d 691). Following defendant's arrest for the offense of disorderly conduct, County Court found sufficient proof to establish both that offense and the consumption of alcoholic beverages. Our own review of the record of the hearing reveals ample evidence supporting the finding that defendant violated her probation (*see, People v West*, 283 AD2d 721, 722). Accordingly, we find that County Court did not abuse its discretion by revoking defendant's probation and imposing the sentence of imprisonment (*see, People v Martinich*, 258 AD2d 742, 743, *lv denied* 93 NY2d 927).

Defendant also contends that the sentence imposed by County Court was harsh, excessive and an abuse of discretion because it was the maximum sentence for her crime and because County Court's comments at the original sentencing indicated its predisposition to impose a prison term. We disagree. "Where a sentence is within permissible statutory ranges, it will not be disturbed unless the sentencing court abused its discretion or extraordinary circumstances exist warranting modification [citations omitted]" (*People v Hines*, 277 AD2d 504, 505, *lv denied* 96 NY2d 759). Here, defendant was sentenced to a term within the permissible statutory range (*see*, Penal Law § 70.00 [2] [d]) and she fails to cite any additional circumstances that would warrant modification by this Court. In light of these factors and defendant's long history of alcohol-related offenses, we decline to disturb the sentence imposed by County Court (*see, People v Millard*, 279 AD2d 807).

Cardona, P. J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the judgment is affirmed.