■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KRISTINE R. PRICE, Also Known as KRISTINE R. CONSTABLE-MUZIO, Appellant. [730 NYS2d 355] —Mercure, J. P. Appeal from a judgment of the County Court of Schoharie County (Bartlett, III, J.), rendered December 15, 1999, convicting defendant upon her plea of guilty of the crimes of operating a motor vehicle while under the influence of alcohol and aggravated unlicenced operation of a motor vehicle in the first degree.

Pursuant to a negotiated plea, defendant satisfied a six-count superior court information with a guilty plea to operating a motor vehicle while under the influence of alcohol and aggravated unlicenced operation of a motor vehicle in the first degree. She waived her right to appeal from the judgment of conviction and was sentenced to an agreed-upon prison term aggregating 1²/₃ to 5 years.

On this appeal, defendant contends that the prison sentence imposed by County Court should be reduced by this Court in the interest of justice. Defendant argues that, given her status as an alcoholic, an extended period of incarceration would serve no legitimate purpose when what is required for her rehabilitation is an in-patient treatment program for alcoholics. In support of her contention, defendant has submitted letters from various individuals attesting to, among other things, her postconviction efforts to treat her alcoholism.

This Court has the power to modify a prison sentence in the interest of justice (*see, People v Sheppard*, 273 AD2d 498, 500, *lv denied* 95 NY2d 908), even in cases where the defendant has waived the right to appeal from the judgment of conviction (*see, People v Coleman*, 281 AD2d 653). The case, however, must present extraordinary circumstances warranting a reduction in the sentence (*see, People v Gotham*, 284 AD2d 578). No such showing has been made here. The record discloses that defendant had amassed an extensive criminal record during the 16 years preceding this conviction, including two prior convictions of operating a motor vehicle while under the influence of alcohol. Although defendant's efforts to resolve her alcoholism are laudable, she stands convicted of serious crimes for which the sentence imposed by County Court was appropriate (*see, People v McNeil*, 268 AD2d 611, 612).

Defendant's remaining contentions have been reviewed and found to be either without merit or unpreserved for our review.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.