■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT MILLER, Appellant. [733 NYS2d 655] —Rose, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered April 18, 2000, which revoked defendant's probation and imposed a sentence of imprisonment.

In October 1997, defendant was adjudicated a youthful offender upon his plea of guilty of attempted robbery in the second degree and he was sentenced to a five-year period of probation. Following his arrest on a driving while intoxicated charge in September 1998, defendant admitted to his probation officer that he had consumed a substantial amount of alcohol in violation of a condition of probation, but no formal violation of probation was alleged at that time. In November 1999, defendant was arrested on a number of charges, includ-

ing attempted assault in the second degree, arising out of an altercation with his girlfriend. Shortly thereafter, he was again arrested and charged with criminal contempt in the second degree arising out of his alleged failure to obey an order of protection.

Based upon a petition alleging that defendant violated the conditions of his probation as a result of the events in September 1998 and November 1999, County Court conducted a hearing at which defendant and the girlfriend presented conflicting testimony regarding the relevant events that occurred in November 1999. The court found that defendant had violated the conditions of his probation, revoked probation and imposed a prison sentence of 1 1/3 to 4 years. Defendant appeals.

"The People were only required to establish a violation by a preponderance of the evidence * * * and the commission of an additional offense constitutes a ground for revocation * * *" (*People v Johnson*, 208 AD2d 1051, 1052, *lv denied* 85 NY2d 910 [citations omitted]). It is clear from County Court's decision that the court credited the testimony of defendant's girlfriend over that of defendant and our review of the record discloses that, in addition to establishing defendant's commission of attempted assault in the second degree, her testimony provided no basis for the justification defense claimed by defendant. Accordingly, we reject defendant's challenge to the sufficiency of the evidence (*see, People v Lilley*, 238 AD2d 755, *lv denied* 90 NY2d 860; *People v Ogden*, 237 AD2d 652). We also find that, contrary to his unspecified due process claim, defendant was accorded all of the due process rights to which he was entitled (*see, Black v Romano*, 471 US 606, 611-612). Finally, we perceive neither an abuse of discretion in the sentence imposed nor any extraordinary circumstances which would warrant our modification of that sentence.

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.