■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY F. SMITH, Appellant. [753 NYS2d 241] —Mercure, J. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered February 23, 2001, which revoked defendant's probation and imposed a sentence of imprisonment.

After pleading guilty to the crimes of driving while intoxicated and aggravated unlicenced operation of a motor vehicle, defendant was sentenced to six months in jail, five years' probation, fined a total of $1,500, with the first $1,000 due within 12 months, and assessed a $155 surcharge. Fifteen months later,

defendant was charged with violating the terms of his probation for failing to pay the $1,000 fine within the time prescribed and failing to complete an alcohol/substance abuse treatment program. Following a hearing, County Court found that defendant violated the terms of his probation and sentenced him to concurrent prison terms of 1⅓ to 4 years. Defendant appeals.

Initially, we reject defendant's contention that County Court erred in revoking his probation because his failure to comply was unintentional. The record demonstrates, inter alia, that defendant had paid only $75 toward the $1,000 fine, he withdrew from a substance abuse facility without medical advice or judicial permission and he failed to reappear at the treatment facility for scheduled readmission. We find that County Court did not abuse its discretion when it revoked defendant's probation after finding, by preponderant evidence, that defendant had violated the terms of his probation (*see* CPL 410.70 [3]; *People v La Shomb*, 285 AD2d 837, 838; *People v Martinich*, 258 AD2d 742, 743, *lv denied* 93 NY2d 927). Further, although defendant argues that the alcohol counselor's testimony should have been disregarded as biased, we decline to disturb County Court's credibility determination on this issue (*see People v Barber*, 280 AD2d 691, 694, *lv denied* 96 NY2d 825; *People v Ackerman*, 277 AD2d 630, 631).

We are also unpersuaded that the sentences imposed were harsh or excessive. Given defendant's apparent unwillingness to address his alcohol problem despite three alcohol-related convictions, his extensive criminal history and the absence of extraordinary circumstances or an abuse of judicial discretion, we decline to modify the sentence imposed by County Court (*see People v Bell*, 290 AD2d 729, 730; *People v Mitchell*, 289 AD2d 776, 780, *lv denied* 98 NY2d 653; *People v David*, 263 AD2d 615). Defendant's remaining contentions have been considered and found to be unavailing.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.