■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY S. KECK, Appellant. [754 NYS2d 591] —Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered October 23, 2000, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to the crime of driving while intoxicated as a felony in full satisfaction of a six-count indictment and was placed on "interim probation" for up to one year, conditioned upon, inter alia, his daily attendance at Alcoholics Anonymous meetings and his total abstinence from alcoholic beverages. County Court admonished defendant that any failure to comply with these terms would result in the imposition of a prison sentence of $1\frac{1}{3}$ to 4 years. Three months later, defendant was arrested and charged with the additional crimes of menacing in the second degree, endangering the welfare of a child and criminal possession of a weapon in the fourth degree. In the statement given to police at the time of his arrest, defendant admitted that he was highly intoxicated when this incident occurred. Thereafter sentenced as a second felony offender to the previously agreed-upon prison term of $1\frac{1}{3}$ to 4 years, defendant now appeals.

We reject defendant's contention that this sentence was harsh or excessive in view of his apparent inability to abide by the conditions of his "interim probation" (*see People v Gotham*, 284 AD2d 578, 579) and his extensive criminal history, which includes previous convictions for alcohol-related offenses and other serious crimes (*see People v Berry*, 288 AD2d 501). Our review, moreover, discloses no abuse of County Court's discretionary powers nor are there any extraordinary circumstances warranting modification in the interest of justice (*see People v McNeil*, 268 AD2d 611, 612).

Cardona, P.J., Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.