■ The People of the State of New York, Respondent, v Dewitt Henry, Appellant. [768 NYS2d 671]—

Peters, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered June 24, 2002, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (three counts) and criminal sale of a controlled substance in the third degree (three counts).

Defendant was indicted on three counts each of criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. These charges stem from defendant's sale of crack cocaine over a two-day period in August 2001 to a confidential informant under the surveillance of investigators from the City of Schenectady Police Department Vice and Intelligence Unit. Following defendant's conviction of all counts, County Court dismissed the three counts charging criminal possession of a controlled substance in the seventh degree and sentenced defendant as a second felony offender to concurrent prison terms of 10 to 20 years on each of the remaining counts. Upon appeal, defendant challenges the jury's verdict as against the weight of the evidence and his sentence as unduly harsh and excessive.

Defendant acknowledges that there is ample evidence proving that the confidential informant purchased crack cocaine on the dates and locations in question, but contends that other than the confidential informant's testimony, the record is devoid of

evidence to support the conclusion that he sold the drugs. To be sure, the prosecution's chief witness was a convicted felon with a lengthy criminal record who received financial remuneration for both making the drug purchases and testifying in court. Yet his testimony was unequivocal and numerous prosecution witnesses testified that this informant had been used on previous occasions to participate in controlled purchases. Moreover, at the time of these sales, the informant was equipped with an electronic monitoring device which allowed the oral communications taking place during the sales to be heard by the investigators and taped. One of the investigators testified that he spoke with defendant after his arrest and recognized defendant's voice as the one he heard on the tape both nights. While the investigator was not an expert in voice recognition, his testimony was properly admitted for the jury's consideration.

Defendant called several alibi witnesses to support his claim that he was working at a local Wendy's restaurant at the time of the drug sales. His testimony was buttressed by, inter alia, one witness who testified that defendant was wearing a Wendy's uniform during an argument that she had with him in the early morning hours after the first drug sale took place. Notably, her testimony placed defendant at the exact location of the drug sales, albeit at a different time. She also disclosed that she and defendant shared ownership of a dog which was housed at the location of the sales.

Acknowledging that issues concerning credibility and the weight to be accorded to evidence are matters left to the jury (*see People v Dolphy*, 257 AD2d 681, 683 [1999], *lv denied* 93 NY2d 872 [1999]), we find, upon the exercise of our factual review power, that the verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Concerning defendant's sentence, we have considered his prior criminal history and the deference typically accorded to the sentencing court. Finding neither an abuse of discretion nor extraordinary circumstances warranting a modification in the interest of justice (*see People v Bell*, 290 AD2d 729, 730 [2002]), we affirm.

Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.