■ The People of the State of New York, Respondent, v Kevin Brown, Appellant. [770 NYS2d 465]—Spain, J. Appeals (1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered October 10, 2000, which revoked defendant's probation and imposed a sentence of imprisonment, and (2) by permission, from an order of said court, entered November 8, 2001, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of driving while intoxicated, without a hearing.

° In April 2000, defendant pleaded guilty to felony driving while intoxicated, waived his right to appeal and eventually achieved a positive discharge from an inpatient substance abuse program. Pursuant to the terms of the plea agreement, a fine was imposed and he was sentenced to five years' probation. County Court advised defendant during the plea and sentencing proceedings that the failure to abide by the terms of his probation, which required defendant, among other things, to abstain from the use and possession of alcohol and attend a victim impact panel, could result in the imposition of a prison sentence. Defendant did not take a direct appeal from that judgment.

In August 2000, a petition was filed alleging that defendant had violated the terms of his probation by pleading guilty to possessing an open 40-ounce container of alcohol in public in violation of a local municipal ordinance. The petition also alleged that defendant had failed to attend a victim impact panel in July 2000. After a hearing, County Court revoked defendant's probation and sentenced him to a prison term of 1$^{1}$/$_{3}$ to 4 years. Defendant subsequently moved pursuant to CPL 440.10 to vacate the judgment of conviction, which motion County Court denied without a hearing. Defendant now appeals from the judgment revoking his probation and imposing sentence and, by permission, from the order summarily denying his CPL 440.10 motion.

Initially, with regard to County Court's determination that defendant violated the terms of his probation, this finding is not contested and, in any event, was supported by a preponderance of the evidence (see CPL 410.70 [3]; People v Miller, 289 AD2d 704, 705 [2001]). We are unpersuaded by defendant's claim that the sentence was harsh or excessive. Given defendant's lengthy and largely substance abuse related criminal history, and his failure to abide by reasonable conditions of probation for any length of time or to meaningfully address or resolve his recurring substance abuse problems, we decline to modify the court's sentence (see People v Keck, 302 AD2d 798 [2003]; People v Smith, 301 AD2d 744, 745 [2003]).

Upon reviewing the record and brief submitted by defense counsel on the appeal by permission of the order which summarily denied defendant's CPL 440.10 motion to vacate the judgment of conviction, we concur that there are no nonfrivolous issues which could be raised on appeal. The conclusory assertions in defendant's pro se motion papers failed to contain sworn allegations of fact (*see* CPL 440.30 [1], [4]), are not substantiated by the record and defendant never alleged facts dehors the record (*cf.* CPL 440.10 [2] [c]; *People v Hemingway*, 306 AD2d 689 [2003]; *People v Magee*, 263 AD2d 763, 766 [1999]). Consequently, the judgment and order should be affirmed and counsel's application to be relieved of the assignment should be granted (*see People v Stokes*, 95 NY2d 633 [2001]; *People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed. Ordered that the order is affirmed, and application to be relieved of assignment granted.