■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO VALDEZ, Appellant. [773 NYS2d 144]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered May 1, 2002, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant's conviction for criminal sale of a controlled substance in the third degree arises from a controlled buy

---

conducted by officers of the Albany County Sheriff's Department with the aid of a confidential informant who knew defendant. The officers outfitted the informant with a body wire, gave him $50 to purchase two bags of heroin from defendant and took him to a location near defendant's apartment. Monitoring the body wire transmissions after the informant entered the apartment, the officers heard an exchange in Spanish between the informant and another person relating to the sale of heroin. The officers, however, did not observe the sale. The informant then returned to the officers with two bags of heroin and reported that he had purchased them from defendant. Defendant, who was known to one of the officers, was arrested 23 days later. Following a jury trial, defendant was found guilty of criminal sale of a controlled substance in the third degree and later sentenced as a second felony offender to a term of 10 to 20 years in prison. Defendant appeals, arguing that the trial evidence was legally insufficient to support his conviction and the sentence was harsh and excessive.

At trial, the informant testified that he had known defendant for a year and a half, the police officers had instructed him to purchase heroin from defendant, defendant was the person who sold him the heroin, which he delivered to the officers, and the sale took place in defendant's apartment. The officers confirmed the informant's instructions and the officer, who had not previously known defendant, testified that, during questioning after defendant's arrest, he recognized defendant's voice as the voice he had heard while monitoring the informant's wire and on the tape recording of the purchase. From the informant's testimony and other evidence confirming it, which included a translation of the tape recording of the purchase and proof that defendant was the sole tenant of the apartment where the purchase occurred, the jury could reasonably conclude that defendant was the person who sold heroin to the informant on the day in question (*see People v Coleman*, 2 AD3d 1045, 1046-1047 [2003]; *People v Morris*, 299 AD2d 655, 657 [2002], *lv denied* 99 NY2d 583 [2003]). Upon exercising our factual review power, we also find that the verdict was not against the weight of the evidence since the informant was extensively cross-examined regarding his prior criminal convictions for the jury's consideration in assessing his credibility (*see People v Leader*, 285 AD2d 823, 824-825 [2001], *lvs denied* 97 NY2d 756, 758 [2002]).

Given defendant's failure to meaningfully address his substance abuse problems despite prior drug-related convictions and the fact that the present offense occurred while he was on probation for an earlier similar offense, neither extraordinary

circumstances nor an abuse of County Court's discretion warrant modification of his sentence (*see People v Brown*, 3 AD3d 593, 593 [2004]; *People v Smith*, 301 AD2d 744, 745 [2003]).

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.