(November 10, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL HOLLIMAN, Appellant. [784 NYS2d 236]—

Carpinello, J. Appeals (1) from a judgment of the County Court of Schenectady County (Eidens, J.), rendered August 8, 2001, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), and (2) by permission, from an order of said court, entered December 31, 2003, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant stands convicted of two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. On appeal, he argues that this verdict was both legally insufficient and against the weight of the evidence. Upon our review of the record, we are unpersuaded.

At trial, it was established that defendant was the target of two controlled drug buys conducted by investigators with the City of Schenectady Police Department. To this end, the police utilized a confidential informant, who knew defendant and who had been a reliable informant in the past, to make the respective purchases. Thus, on November 6, 2000 and again on December 5, 2000, this informant, after being searched for drugs and money and equipped with an electronic monitoring device, made two separate purchases of cocaine from defendant with buy money provided by the investigators.

The confidential informant testified that she purchased drugs from defendant on the subject days, that defendant sold her cocaine on both occasions and that she immediately surrendered the drugs to the investigators. Although the investigators did not visually observe the transactions, the electronic monitoring device permitted them to hear and record them. Notably, these audiotapes were admitted into evidence at trial and listened to by the jury. Scientific testimony further established that the substances purchased by the confidential informant were cocaine.

Viewing this evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish defendant's guilt on all four counts beyond a reasonable doubt (see People v Valdez, 4 AD3d 679 [2004], lv denied 2 NY3d 808 [2004]). Likewise, upon the exercise of our factual review power, we are satisfied that the

verdict was not against the weight of the evidence (*see id.; People v Henry*, 2 AD3d 1060 [2003], *lv denied* 1 NY3d 628 [2004]; *see also People v Bleakley*, 69 NY2d 490, 495 [1987]).

While defense counsel raised legitimate questions concerning the credibility of the confidential informant, her testimony was not incredible as a matter of law such that it should have been totally disregarded as being without evidentiary value (*see e.g. People v Neil*, 289 AD2d 611, 612 [2001], *lv denied* 97 NY2d 758 [2002]). That is, there was nothing "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" about it (*People v Stroman*, 83 AD2d 370, 373 [1981]; *accord People v Neil, supra*). Moreover, the confidential informant was extensively questioned, during both direct and cross-examination, about her being a paid informant, her drug use, her extensive criminal record and her receipt of favorable consideration by the investigators in certain criminal matters. Thus, the jury had ample opportunity to assess her testimony and credibility (*see e.g. People v Holmes*, 304 AD2d 1043 [2003], *lv denied* 100 NY2d 642 [2003]; *People v Walts*, 267 AD2d 617, 620 [1999], *lv denied* 95 NY2d 859 [2000]; *People v Batista*, 235 AD2d 631, 631-632 [1997], *lv denied* 89 NY2d 1088 [1997]).

We have reviewed defendant's pro se appellate arguments and reject them as being unpersuasive.

Cardona, P.J., Mercure, Crew III and Spain, JJ., concur. Ordered that the judgment and order are affirmed.