■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. GALLAGHER, Appellant. [823 NYS2d 305]—

Kane, J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered May 24, 2005, convict-

ing defendant upon his plea of guilty of the crime of arson in the third degree.

Defendant was charged by felony complaint with the crime of arson in the third degree, arraigned and remanded with bail. The People agreed to reduce bail, and defendant agreed to adjourn the preliminary hearing "without date," to be rescheduled only after 15 days' notice to the People. Thereafter, defendant executed a written waiver of indictment in open court consenting to be prosecuted by superior court information upon the charge of arson in the third degree, and County Court approved the waiver. Defendant subsequently pleaded guilty to arson in the third degree and was sentenced in accordance with his plea agreement. Defendant now appeals.

Defendant contends that his waiver of indictment and subsequent plea were invalid because he was never held for grand jury action. CPL 195.10 provides, in relevant part, that "[a] defendant may waive indictment and consent to be prosecuted by superior court information when . . . a local criminal court has held the defendant for the action of a grand jury." "Being so 'held' for the action of a [g]rand [j]ury involves the filing of a felony complaint on which defendant has been arraigned and a finding after a preliminary hearing (unless waived by defendant) that reasonable cause exists to believe that defendant committed a felony" (*People v Barber*, 280 AD2d 691, 692 [2001], *lv denied* 96 NY2d 825 [2001] [citations omitted]).

Here, defendant was arraigned upon a felony complaint and subsequently agreed to adjourn the preliminary hearing until after a request by defendant and notice to the People. Thereafter, defendant voluntarily entered his plea of guilty without ever making a request for the preliminary hearing, thereby effectively waiving his right to the hearing (*see People v Talback*, 32 AD3d 559, 560 [2006]). "Because defendant waived his right to a preliminary hearing and 'the record of the plea proceeding establishes that the Superior Court was satisfied with the waiver [of indictment] and executed an order to that effect, we may presume that the matter was properly before that court' " (*id.*, quoting *People v Chad S.*, 237 AD2d 986, 986 [1997], *lv denied* 90 NY2d 856 [1997] [citation omitted]).

Mercure, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.