*291 OPINION OF THE COURT
Matthew A. Sclarrino, Jr., J.
“Those friends thou hast and their adoption tried,
“Grapple them unto thy soul with hoops of steel”[1]
But not when an order of protection prohibits someone from communicating with another.
A misdemeanor complaint was filed with the court on September 4, 2007 charging the defendant with three counts of criminal contempt in the second degree (Penal Law § 215.50 [3]). In a motion dated January 22, 2008, the defendant moves for an order dismissing the accusatory instrument contending that it is. jurisdictionally defective. The defendant contends that even if the factual allegations in the misdemeanor complaint are true, she cannot be convicted of the charges. The People oppose defendant’s motion in a response filed on February 5, 2008.
Facts
The misdemeanor complaint, along with supporting depositions, contains sworn allegations that the defendant violated Family Court orders of protection that were issued in Richmond County in favor of the deponents, Sandra Delgrosso and her two daughters.[2] The People allege that the defendant violated the orders of protection, based on circumstantial evidence that each deponent in Richmond County received a “Friend Request Message from the defendant via the MySpace.Com Friend Request Manager System.” The deponents state that they recognized the defendant’s screen name and photo as being associated with her. The CPL 710.30 (1) (a) notice filed with the court alleges that the defendant stated to a police officer, “Nobody has access to my MySpace account. I change my password frequently.”
The People filed with the court a certified copy of a Family Court temporary order of protection. The order shows that it was personally served on the defendant who was a respondent in a juvenile delinquency proceeding. The order, in effect at the time Sandra Delgrosso allegedly received a message from the MySpace Mail Center Friend Request Manager, required that, “Respondent shall have ‘NO CONTACT’ with Sandra Delgrosso.”
*292 According to Wikipedia:[3] MySpace is a social networking Web site offering an interactive, user-submitted network of friends, personal profiles, blogs, groups, photos, music and videos internationally. Its headquarters are in Beverly Hills, California, where it shares an office building with its current owner, Fox Interactive Media; in turn, the owner of Fox Interactive and therefore MySpace, News Corporation, has its headquarters in New York City. According to Alexa Internet, MySpace is currently the world’s sixth most popular English-language Web site and the sixth most popular Web site in any language, and the third most popular Web site in the United States, though it has topped the chart on various weeks. The service gradually gained more popularity than similar Web sites to achieve nearly 80% of visits to on-line social networking Web sites. The company employs 300 staff and does not disclose revenues or profits separately from News Corporation. The 100 millionth account was created on August 9, 2006 in the Netherlands and a news story claimed 106 million accounts on September 8, 2006 and the site reportedly attracts 230,000 new registrations per day. As of December 18, 2007, there are over 300 million accounts.
If a person establishes an account from MySpace, she may receive and send messages from the Mail Center Friend Request Manager via the Internet. Upon receiving such a message, the recipient could choose to do nothing, indicate that she approves of communication with the potential friend and create an opportunity for further communication by choosing “Approve,” signal , that she does not want immediate communication by choosing “Deny,” or block immediate and future communications with the potential friend by choosing “Spam.” A potential friend could be identified by a photograph, a screen name, a true name, or one or more identifiers which may or may not be easily verifiable.
Discussion
When a defendant is charged in a misdemeanor complaint, unless she pleads guilty or waives prosecution by information, the misdemeanor complaint must be replaced prior to trial with an information which meets the requirement for facial sufficiency (CPL 170.65, 100.40 [1] [c]; 100.15 [3]; 170.35; People v *293 Alejandro, 70 NY2d 133 [1987]). The information must, for jurisdictional purposes, contain nonhearsay factual allegations sufficient to establish a prima facie case (People v Alejandro, 70 NY2d 133 [1987], supra). Furthermore, both informations and misdemeanor complaints must allege or be based on “reasonable cause to believe” that defendant committed the offense (People v Dumas, 68 NY2d 729 [1986]).
“ ‘Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” (CPL 70.10 [2].)
The defendant should not be exculpated because she, instead of contacting her victim directly, used the MySpace Mail Center Friend Request Manager (see People v Kochanowski, 186 Misc 2d 441, 442 [App Term, 2d Dept 2000]). In People v Johnson (208 AD2d 1051 [3d Dept 1994]), the People established that the defendant violated probation by committing aggravated harassment in the second degree when he wrote and signed a letter with the victim’s name, and sent it to a post office box in response to a personal advertisement in a newspaper. The victim then received an unsolicited communication from the person who placed the personal advertisement.
In this case, the defendant used MySpace as a conduit for communication prohibited by the temporary order of protection issued by the Family Court. The MySpace Friend Requests fall within the court’s mandate that, “Respondent shall have ‘NO CONTACT’ with Sandra Delgrosso.”
While it is true that the person who received the “friend request” could simply deny the request to become “friends,” that request was still a contact, and “no contact” was allowed by the order of protection. It is no different than if the defendant arranged for any agent to make known to a complainant, “Your former friend wants to communicate with you. Are you interested?”
Conclusion
The accusatory instrument filed by the People contains sufficient nonhearsay factual allegations that the defendant *294 violated the temporary order of protection issued by the Family Court in favor of Sandra Delgrosso. Since the People may be able to cure hearsay defects contained in the remaining counts within the time allowed by CPL article 30, it is hereby ordered that the defendant’s motion to dismiss the counts charging criminal contempt in the second degree (Penal Law § 215.50 [3]) is denied.

. Polonius (Hamlet, act I, scene iii).

. Although only the count involving Sandra Delgrosso has been fully converted into an information, the theory of the defendant’s motion is applicable to all three counts contained in the misdemeanor complaint.

. Wikipedia is a free, multilingual, open content encyclopedia project operated by the nonprofit Wikimedia Foundation. It is the largest, fastest-growing and most popular general reference work currently available on the Internet at http://en.wikipedia.org.