People v Thompson (2020 NY Slip Op 08126)





People v Thompson


2020 NY Slip Op 08126


Decided on December 31, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 31, 2020

109836

[*1]The People of the State of New York, Respondent,
v
Cory Thompson, Appellant.

Calendar Date: November 20, 2020

Before: Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Dennis J. Lamb, Troy, for appellant.
Joan Gudesblatt Lamb, Special Prosecutor, Kingston, for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (Mott, J.), rendered April 17, 2017 in Greene County, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2013, defendant pleaded guilty to assault in the second degree and, in accordance with the terms of the plea agreement, he was sentenced to six months in jail, followed by five years of probation. Defendant was subsequently charged in a petition with violating the conditions of his probation. He admitted to three of the violations and, in return, Supreme Court adjourned the matter and allowed defendant to remain on probation until a future date, warning him that any further violations could result in a prison term of up to seven years. In July 2014, defendant was arrested and charged with assault in the second degree and assault in the third degree. The court then continued defendant on probation with modified conditions.
In April 2015, defendant was charged in a second petition with additional probation violations, some of which arose from his July 2014 arrest. The second petition was subsequently amended to include more violations. Following a July 2016 hearing, Supreme Court concluded that the People had satisfied their burden of demonstrating that defendant violated two of the conditions. At the dispositional hearing that followed, the court continued defendant on probation and added new conditions.
In March 2017, a third petition was filed charging defendant with further violations of the conditions of his probation. Following an April 2017 hearing, Supreme Court concluded that the People had sustained their burden of demonstrating that defendant violated special condition U, which directed him to avoid vicious or injurious habits. Consequently, the court revoked defendant's probation and resentenced him on the underlying crime to 5½ years in prison, followed by three years of postrelease supervision. Defendant appeals. We affirm.
Defendant does not dispute the underlying facts forming the basis of the revocation of his probation — namely, that he went to a house to purchase drugs but did not consummate the transaction because he was assaulted. He nevertheless argues that Supreme Court's determination was incorrect because it was premised on the notion that defendant had committed a crime. It is true that the court reasoned, in part, that defendant's conduct in going to a house to purchase drugs "[c]onstituted a crime." Even if we agreed with defendant that this part of the court's analysis was erroneous, this was not the sole basis of the court's determination. The court also reasoned that defendant's actions "[c]ertainly constitute[d] a vicious or injurious habit" — i.e., conduct that defendant was obligated to avoid per special condition U. Although there is scant case law interpreting what constitutes a vicious or injurious habit, we are satisfied that the undisputed conduct here falls within its scope. As such, we cannot say that the court [*2]abused its discretion in revoking defendant's probation (see People v Smith, 301 AD2d 744, 745 [2003]).
Defendant also argues that the imposed sentence was harsh and excessive. The record discloses that defendant was given multiple opportunities to avoid incarceration, but he was ultimately unable to comply with his probation conditions. Based on the foregoing, and in the absence of extraordinary circumstances or an abuse of discretion by Supreme Court, we discern no basis to modify the sentence in the interest of justice (see People v Thomas, 163 AD3d 1293, 1295 [2018], lv denied 32 NY3d 1068 [2018]; People v Brohel, 160 AD3d 1131, 1132 [2018]).
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.