People v Andujar (2026 NY Slip Op 00208)

People v Andujar

2026 NY Slip Op 00208

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kern, J.P., Scarpulla, Kapnick, Shulman, Hagler, JJ. 

Ind No. 73760/23|Appeal No. 5632|Case No. 2024-05366|

[*1]The People of the State of New York, Respondent,
vJorge L. Andujar, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.
Letitia James, Attorney General State of New York (James F. Gibbons of counsel), as intervenor in support of State, respondent.

Judgment, Supreme Court, Bronx County (Audrey E. Stone, J.), rendered July 31, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to five years of probation, unanimously modified, as a matter of discretion in the interest of justice, to the extent of granting defendant's application for a certificate of relief from disabilities, and otherwise affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 159[2019], cert denied 589 US —, 140 SCt 2634 [2020]), which forecloses review of his excessive sentence claim (see People v Nunez, 220 AD3d 597, 597 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). In any event, there is no basis for reducing the sentence.
Defendant's challenge to the condition of probation requiring him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and [to] not consort with disreputable people" survives his waiver of the right to appeal and does not require preservation (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]; People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). However, the court providently deemed this condition "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]), given that he possessed an assault weapon, he had a history of mental health issues, and he engaged in aggressive conduct (see People v Holguin, 243 AD3d 419, 419 [1st Dept 2025]; People v Rivera, 242 AD3d 421[1st Dept 2025]; Lowndes, 239 AD3d at 575).
Regardless of whether or not defendant's constitutional challenge to the same probation condition through his facial challenge to the constitutionality of Penal Law §§ 65.10(2)(a) and (b) under the First, Fifth, and Fourteenth Amendments is waived by the valid appeal waiver (see People v Johnson, — NY3d —, NY Slip Op 06528, *2-4 [2025]), the claim is unpreserved (People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to review it in the interest of justice. As an alternative holding, the claims are unavailing (see People v Carasquillo, 242 AD3d 424 [1st Dept 2025]). The probation condition provides fair notice to "a person of ordinary intelligence" (People v Stuart, 100 NY2d 412, 420 [2003] [internal quotation marks omitted]) that associating with perpetrators of crimes, engaging in criminal behavior or behavior that could cause injury, or frequenting locations where criminal activity occurs is prohibited (see e.g. People v Thompson, 189 AD3d 1969, 1969-1970 [3d Dept 2020]).
In our discretion and in the interest of justice, we grant defendant's application for a certificate of relief from disabilities (see People v Fofana, 236 AD3d 607, 608 [1st Dept 2025], lv denied 43 NY3d 1008 [2025]; Correction Law §§ 700[1][a], [c], 702[2][a]-[c]). As stated in the presentence report, defendant is eligible for this relief, and it would help ensure his continued employment at the senior center, where he has worked for more than 24 years. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026