■ The People of the State of New York, Respondent, v Richard P. Kenneally, Appellant.—Appeal from a judgment of the County Court, Greene County, rendered March 25, 1975, convicting defendant, upon his plea of guilty, of the crime of grand larceny in the third degree, in violation of subdivision 6 of section 155.30 of the Penal Law, and sentencing him to an indeterminate term of imprisonment not to exceed four years. On this appeal, the defendant argues (1) that it was error for the trial court to find that he had not met his burden of proof at the suppression hearing and (2) that he was not properly sentenced as the record does not show that the trial court received and considered a presentence investigation report as required by CPL 390.20. The People had served a notice pursuant to CPL 710.30 (subd 1, par [a]) that they intended to offer at the trial a statement made by defendant to a public servant engaged in law enforcement activity. As the defendant made no motion to have the statement suppressed, as required by CPL 710.20, 710.40 and 710.60, he has waived any rights to have the evidence suppressed and has no standing to raise the issue on appeal. CPL 710.60 provides, in part, as follows: "1. A motion to suppress evidence made before trial must be in writing and upon reasonable notice to the people and with opportunity to be heard. The motion papers must state the ground or grounds of the motion and must contain sworn allegations of fact, whether of the defendant or of another person or persons, supporting such grounds. Such allegations may be based upon personal knowledge of the deponent or upon information and belief, provided that in the latter event the sources of such information and the grounds of such belief are stated. The people may file with the court, and in such case must serve a copy thereof upon the defendant or his counsel, an answer denying or admitting any or all of the allegations of the moving papers." The record does not show the trial court did not have a presentence investigation report on defendant before sentencing. The record does show the trial court proceeded to order a presentencing report. On sentencing the defendant, the trial court referred to the record showing defendant was sentenced by the Judge's father in 1949. This record was undoubtedly the presentencing report. Judgment affirmed. Herlihy, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.