■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN KALAKOWSKI, Appellant.—Levine, J. Appeals (1) from a judgment of the County Court of Chemung County (Monroe, J.), rendered January 9, 1981, convicting defendant upon his plea of guilty of the crimes of attempted assault in the first degree and assault in the second degree, and (2) by permission, from an order of said court (Danaher, J.), entered August 1, 1984, which denied defendant's motion pursuant to CPL

440.10 to vacate the judgment of conviction, without a hearing.

Defendant, an inmate at Elmira Correctional Facility, attacked another inmate with a weapon fashioned out of a small piece of wood and a nail. In the course of the altercation, he struck the victim and a correction officer who attempted to subdue him. After arraignment, defendant waived indictment by the Grand Jury and was charged in two superior court informations with attempted assault in the first degree and assault in the second degree, based upon his attacks on the victim and the correction officer, respectively. Defendant pleaded guilty to both charges and received agreed-upon concurrent 3½- to 7-year prison sentences. Thereafter, defendant brought a *pro se* CPL 440.10 motion to vacate his judgment on the ground that he had received ineffective assistance of counsel. The motion was denied without a hearing, renewed by court-appointed counsel, and again denied.

On appeal, defendant contends that (1) County Court erred in denying his CPL 440.10 motion without a hearing, (2) the sentence he received was harsh and excessive, and (3) County Court's failure to order and consider a presentence report pursuant to CPL 390.20 mandates a resentencing.

We are not persuaded by defendant's contention that an evidentiary hearing was necessary to the determination of his claim of ineffective assistance of counsel. The record shows that defendant waived indictment by the Grand Jury and pleaded guilty to the two assault charges after being informed that the District Attorney's office intended to present a further charge of attempted murder to the Grand Jury. Likewise, defendant's advantageous plea bargain included agreed-upon concurrent prison terms rather than the potential consecutive sentences for attempted assault in the first degree and assault in the second degree. On the record, counsel rendered effective assistance to defendant *(see, People v Baldi,* 54 NY2d 137, 147). Defendant has not raised any factual issues which would cast doubt on the apparent effective assistance that he received and thus require a hearing.

Defendant's contention that his plea was induced because counsel failed to move to consolidate the informations and failed to inform him that even upon conviction after trial, he could not receive consecutive sentences is similarly unavailing. Although the attempted assault and the assault were part of a continuous course of activity, they constituted distinct and separate acts for which consecutive sentences could be

imposed *(see,* Penal Law § 70.25 [2]; *People v Brown,* 95 AD2d 569, 572; *People v Bink,* 93 AD2d 920, 921).

We are equally unpersuaded by defendant's contention that his sentence was harsh and excessive. The sentence imposed was in conformity with the plea bargain and, in view of defendant's prior record, was well within County Court's sentencing discretion *(see, People v Harris,* 57 AD2d 663).

Defendant's final point is that a resentencing is required because County Court failed to order and consider a presentence report pursuant to CPL 390.20. It was conceded on oral argument, however, that a probation report predating the day of sentencing had in fact been prepared. Defendant, however, relies upon the absence of any reference in the record establishing that the report was considered by the court. We have recently affirmed, without opinion, a case in which we rejected the identical argument as the basis for a reversal *(People v Valez,* 115 AD2d 1019; *see also, People v Kenneally,* 50 AD2d 949). In general, judicial proceedings are entitled to a presumption of regularity *(Kelekian v Feinberg,* 118 NYS2d 641, 645; 21 NY Jur, Evidence, § 106, at 242 [1961]). In the absence of affirmative proof to the contrary, and none was present here, it may thus be presumed that County Court acted in accordance with its duty to consider the presentence report which had been prepared and was available before sentencing. The case of *People v Jackson* (106 AD2d 93), relied upon by defendant, is distinguishable. In that case, no presentence report was prepared. Thus, it was shown that the court's procedures were not regular and the presumption could not apply.

Judgment and order affirmed. Kane, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.