■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE WASHINGTON, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered December 5, 1985, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

In September 1985, defendant was arrested by the Town of Fallsburg Police Department in Sullivan County and charged with the crimes of burglary in the second degree and petit larceny. Defendant also had other charges pending against him in Sullivan County. Shortly after his arrest, defendant entered into plea negotiations. Defendant agreed to plead guilty to a reduced charge of burglary in the third degree in exchange for the dismissal of other charges pending against him in Sullivan County. The prosecutor further agreed to recommend that defendant, a second felony offender, receive a sentence of 3 to 6 years in prison. As a result of the plea negotiations, defendant executed a waiver of indictment in open court in which he consented to be prosecuted by a superior court information. The plea arrangement was subsequently accepted by County Court and, following defendant's guilty plea, defendant was sentenced to a prison term of 3 to 6 years. This appeal followed.

Defendant contends that his waiver of indictment was invalid. Although it was once the law of this State that a defendant charged with a capital or otherwise infamous crime could not waive indictment by a Grand Jury (see, Matter of Simonson v Cahn, 27 NY2d 1), that law was changed by an amendment to the State Constitution (see, NY Const, art I, § 6). Article 195 of the CPL sets forth the procedures to be followed for waiver of indictment. CPL 195.10 (1) provides that a defendant may waive indictment and consent to be prosecuted by superior court information when the following conditions are met:

"(a) a local criminal court has held the defendant for the action of a grand jury; and

"(b) the defendant is not charged with a class A felony; and

"(c) the district attorney consents to the waiver."

Defendant argues that the record does not indicate that a local criminal court held him for the action of a Grand Jury. In approving the waiver of indictment, County Court indicated that it was satisfied that the waiver complied with CPL article 195. Further, the fact that the matter had been transferred to County Court is evidence that defendant, in accordance with CPL 180.30 (1), had been held for action by the Grand Jury. Interestingly, defendant has not alleged that he was not held for action by the Grand Jury, but merely seeks to vitiate his waiver based upon a void in the record regarding this matter. However, "judicial proceedings are entitled to a presumption of regularity" *(People v Kalakowski,* 120 AD2d 763, 765, *lv denied* 68 NY2d 669), and where, as here, no proof to the contrary is submitted, we will not speculatively conclude otherwise. Accordingly, we find that the waiver of indictment was properly accepted.

Defendant's remaining contentions have been considered and found to be either unpreserved for appellate review or meritless.

Judgment affirmed. Casey, J. P., Yesawich, Jr., Harvey and Mercure, JJ., concur.