■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. LOBELLO, Appellant.—Judgment unanimously reversed on the law and superior court information dismissed. Memorandum: Defendant was arraigned on a felony complaint in Town Court and the felony complaint was dismissed because of the failure of the prosecution to go forward with the preliminary hearing. Thereafter, the prosecutor, defendant, and his attorney appeared before a Justice of the Supreme Court. The Justice stated that he was sitting as a local criminal court and asked defendant whether he waived his right to a hearing and whether he consented to be held for the action of the Grand Jury. After defendant consented, the Justice ordered defendant held for action by the Grand Jury. Thereupon, defendant waived his right to have the case presented to a Grand Jury and consented that he be prosecuted by way of the superior court information. The Justice arraigned defendant on the superior court information and defendant pleaded guilty to the charge contained therein of reckless endangerment in the second degree.

The conviction must be reversed. At the time defendant appeared before the Justice of Supreme Court, no proceeding was then pending against him because the felony complaint had been dismissed. Thus, the Justice, sitting as a local criminal court, lacked jurisdiction to order defendant held for action by the Grand Jury. The superior court information did not give the court jurisdiction because a defendant may be prosecuted by superior court information only when a local criminal court has held defendant for the action of a Grand Jury (CPL 195.10 [1] [a]). The superior court information could not be considered as a felony complaint initiating a criminal action because it did not contain a statement alleging facts of an evidentiary character supporting or tending to support the charges *(see,* CPL 100.15 [3]). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—reckless endangerment, second degree.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.