■ PUGLIA ENTERPRISES, INC., Respondent, v SUMMERLUN'S, INC., et al., Appellants. (Appeal No. 1.)—Order and judgment unanimously affirmed with costs. Memorandum: Plaintiff's predecessors leased the subject improved property from defendant Summerlun's, Inc. The lease includes a provision granting plaintiff an option to purchase the property for $130,000 "payable as follows: $40,000 upon exercising said option and the remaining balance of $90,000 to be amortized in equal monthly payments" over ten years. On March 27, 1990, plaintiff notified defendant that it elected to exercise the option and indicated its readiness to deliver $40,000 upon the execution of a contract of sale. Defendant responded that it did not intend to sell because plaintiff's predecessors were in default of lease covenants. Plaintiff commenced this action for specific performance.

Supreme Court, after a non-jury trial, held that the word "upon" was ambiguous. In construing the language of the option provision against defendant, the court properly rejected defendants' contention that the option agreement required plaintiff to pay $40,000 simultaneously with exercise of the option. Plaintiff's readiness to pay $40,000 upon the prompt execution of a contract of sale was consistent with the agreement, and thus plaintiff properly exercised its option.

The court also concluded that, if the option was not exercised properly, plaintiff nevertheless was entitled to specific performance because its honest mistake as to the meaning of an ambiguous term was excusable, especially in light of substantial improvements to the property made by plaintiff's predecessors *(see, Jones v Gianferante,* 305 NY 135, 138; *see also, United Skates v Kaplan,* 96 AD2d 232). Were we to reach that issue, we would conclude that Supreme Court properly exercised its equity powers. (Appeal from Order and Judgment of Supreme Court, Niagara County, Koshian, J.—Specific Performance.) Present—Callahan, J. P., Green, Balio, Davis and Doerr, JJ.