■ PUGLIA ENTERPRISES, INC., Respondent, v SUMMERLUN'S, INC., et al., Appellants. (Appeal No. 2.)—Order unanimously affirmed without costs. Same Memorandum as in *Puglia Enters. v Summerlun's, Inc.* ([appeal No. 1] 186 AD2d 1066 [decided herewith]). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Set Aside Judgment.) Present—Callahan, J. P., Green, Balio, Davis and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL MCCARTHY, Appellant.—Judgment unanimously affirmed. Memorandum: The record does not support defendant's contention that County Court coerced him to abandon his request to vacate his guilty plea. We reject the further contention raised for the first time on appeal that defendant's waiver of indictment was invalid because he was not properly held for Grand Jury action *(see,* CPL 180.30 [1]; 195.10 [1] [a]; *People v Holmes,* 175 AD2d 650, *lv denied* 78 NY2d 1012). Where, as here, the record of the plea proceedings indicates that the court was satisfied with the sufficiency of the waiver and that it executed an order to that effect *(see,* CPL 195.30), we may presume that the matter was properly before it *(see, People v Washington,* 138 AD2d 857, 858; *see also, People v Hart,* 171 AD2d 755, *lv denied* 78 NY2d 967). We find that the representation afforded defendant was meaningful *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Boomer, J. P., Pine, Lawton, Fallon and Doerr, JJ.