■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS S. PLANTY, Appellant. (Appeal No. 1.) [629 NYS2d 569] —Judgment unanimously reversed on the law and superior court information dismissed. Memorandum: On October 4, 1993, and February 10, 1994, defendant was arraigned on felony complaints in the City Court of Oswego. Defendant did not waive a preliminary hearing nor was a preliminary hearing held in either case. On April 26, 1994, defendant appeared in Oswego County Court and agreed to waive indictment and be prosecuted by two superior court informations. County Court stated its understanding that the charges were still pending in City Court, that no preliminary hearings had yet been held and that defendant had not waived preliminary hearings. Defendant then agreed to waive preliminary hearings, to waive indictment, and to be prosecuted by superior court informations. Superior court informations were filed and defendant entered pleas of guilty to the charges therein.

The record supports the contention of defendant that, at the time he waived indictment, he had not been held by a local court for action by a Grand Jury, as required by CPL 195.10 (1) (a) *(see, People v Johnson,* 187 AD2d 990; *People v Lobello,* 151 AD2d 1034; *cf., People v McCarthy,* 186 AD2d 1067, *lv denied* 81 NY2d 843; *People v Hart,* 171 AD2d 755, *lv denied* 78 NY2d 967). Defendant could not have been so held unless he waived a preliminary hearing or a hearing was held *(see,* CPL 180.30 [1]; 180.50 [4]; 180.70 [1]), and County Court admitted that neither had occurred. Moreover, if defendant had been held for Grand Jury action, the matter would have been transferred to superior court *(see,* CPL 180.30 [1]; 180.70 [1]). County Court, however, stated upon the record that both sets of charges were still pending in City Court *(cf., People v Washington,* 138 AD2d 857). The failure to comply with the statutory provisions governing waiver of indictment results in an ineffective waiver and renders the superior court informations upon which defendant was prosecuted jurisdictionally defective *(see, People v Johnson, supra; see also, People v Zanghi,* 79 NY2d 815, 817;

*People v Menchetti,* 76 NY2d 473, 475, n; *People v Boston,* 75 NY2d 575, 589, n 2). In light of our reversal and dismissal of the superior court informations, it is unnecessary to reach defendant's argument that the sentences are harsh and excessive. (Appeal from Judgment of Oswego County Court, Brandt, J.—Criminal Possession Weapon, 3rd Degree.) Present—Denman P. J., Green, Fallon, Doerr and Balio, JJ.