THIRD DEPARTMENT, FEBRUARY, 2001

(February 1, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BARBER, Appellant. [720 NYS2d 223] —Spain, J. Appeals (1) from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered April 9, 1999, which revoked defendant's probation and imposed a sentence of imprisonment, and (2) by permission, from an order of said court, entered March 20, 2000, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of aggravated unlicensed operation of a motor vehicle in the first degree and the judgment revoking his probation.

In February 1998, defendant was charged with aggravated unlicensed operation of a motor vehicle in the first degree in the Village of Fort Edward, Washington County. The following month defendant—represented by counsel—executed a waiver of indictment in open court, consenting to be prosecuted by a superior court information (hereinafter SCI; *see,* CPL 195.20) and County Court approved the waiver (*see,* CPL 195.30). Defendant thereafter pleaded guilty to the charge, as contained in the SCI, and was sentenced pursuant to the terms of the plea agreement to five years' probation and six months in jail. Defendant was advised, both at the time of the plea and at his

sentencing, that failure to abide by the terms of his probation could result in County Court resentencing him and imposing a prison sentence.

In January 1999, a petition was filed alleging that defendant violated certain enumerated terms of his probation. After a hearing, County Court concluded that defendant had violated his probation by consuming alcohol, operating a vehicle and failing to complete an alcohol treatment program. Resentenced to 1 to 3 years in prison, defendant appeals from the judgment revoking his probation and imposing a sentence of imprisonment.

In December 1999, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction and the judgment revoking his probation contending, *inter alia*, that County Court never acquired jurisdiction over him because the record was devoid of information indicating that he was ever held for Grand Jury action on any local court accusatory instrument prior to waiving indictment and pleading guilty, as provided in CPL 195.10. Defendant also argued that defense counsel's assistance was constitutionally deficient. County Court denied the motion concluding, *inter alia*, that since the failure to comply with CPL 180.30 is not jurisdictional and there is a presumption of jurisdiction, no violation of CPL 195.10 was established. Defendant appeals by permission from the order denying the CPL article 440 motion.

We affirm the judgment and order appealed from in all respects. Addressing defendant's CPL 440.10 motion first, we note that much of it was properly denied on the ground that it raised issues which could and should have been raised by defendant on direct appeal, which defendant never pursued (*see,* CPL 440.10 [2] [c]; *People v Jackson,* 266 AD2d 163, *lv denied* 94 NY2d 921). In any event, defendant has not demonstrated that his waiver of indictment or guilty plea were invalid.

CPL 195.10 (1) provides that a defendant may waive indictment and consent to be prosecuted by a SCI when, among other conditions not in issue here, a local criminal court has held the defendant for Grand Jury action (*see, People v D'Amico,* 76 NY2d 877, 879; *People v Washington,* 138 AD2d 857). Being so "held" for the action of a Grand Jury involves the filing of a felony complaint on which defendant has been arraigned and a finding after a preliminary hearing (unless waived by defendant) that reasonable cause exists to believe that defendant committed a felony (*see,* CPL 180.70; *see also, People v D'Amico, supra,* at 879). While it is undisputed here that the local criminal court never issued an order holding defendant over for ac-

tion by the Grand Jury or transmitted such an order to County Court with the required documentation, although required by CPL 180.30 (1) and 180.70 (1), such noncompliance is not a jurisdictional defect requiring nullification of defendant's waiver or plea (*see, People v Talham*, 41 AD2d 354, 356).

Moreover, defendant—in seeking to nullify his waiver of indictment—cannot simply rely on a void in the record to prove that he was not held for action of the Grand Jury as required by CPL 195.10 (1) (a) (*see, People v Washington, supra*, at 858). Rather, we may presume that County Court had jurisdiction over defendant where, as here, "the record fails to establish that defendant did not waive a preliminary hearing, that a hearing was not held, or that the charges were still pending in [the local criminal court] * * * [and] the record of the plea proceeding establishes that [County] Court was satisfied with the waiver and executed an order to that effect" (*People v Chad S.*, 237 AD2d 986, *lv denied* 90 NY2d 856 [citations omitted]; *see, People v Valenti*, 264 AD2d 904, 905, *lv denied* 94 NY2d 926). The fact that the matter had been transferred to County Court is evidence that defendant had been held for action by the Grand Jury (*see, People v Washington, supra*, at 858), and County Court's order approving defendant's waiver of indictment states that the waiver complied with the requirements of CPL 195.10 (*see, People v Valenti, supra*, at 905; *see also*, CPL 195.30). According the judicial proceedings a presumption of regularity (*see, People v Kalakowski*, 120 AD2d 763, 765, *lv denied* 68 NY2d 669) and in view of defendant's failure to submit proof to the contrary, we find that the waiver of indictment was valid, no violation of CPL 195.10 was established and County Court properly denied defendant's CPL 440.10 motion so premised (*see, People v Washington, supra*, at 858).

Additionally, given our rejection of the foregoing claims concerning compliance with CPL 195.10, we find no merit in defendant's claim that he received constitutionally deficient assistance of counsel due to counsel's failure to insist on compliance with that statute or otherwise. Notably, counsel secured a favorable plea agreement limiting defendant's exposure to imprisonment, which defendant unfortunately squandered by violating the terms of his probation. Moreover, the record reflects that counsel informed defendant about the waiver of indictment and plea, his right to initiate a direct appeal and his obligation to pursue an appeal; neither counsel's failure to initiate an appeal on defendant's behalf nor any other aspect of these proceedings establishes that defendant received ineffective assistance of counsel (*see, People v Montgomery*, 24 NY2d

130, 132-133; *see also, People v Ford*, 86 NY2d 397, 404). Thus, while this ineffective assistance of counsel claim was properly raised in a collateral attack (*see, People v Angelakos*, 70 NY2d 670, 673), it is without merit.

Finally, County Court's determination that defendant violated three terms of his probation was supported by a preponderance of the evidence (*see*, CPL 410.70 [3]) and the decision to revoke his probation will not be disturbed, there being no "clear abuse of discretion" (*People v Forman*, 105 AD2d 984, 985). The record reflects that defendant was discharged from the alcohol treatment program not for inability to pay but for noncompliance with its attendance and drug screening policies. County Court's conclusion that defendant had consumed alcohol reflected a credibility determination resolving contradictory testimony and we accord it "great weight" (*People v Ackerman*, 277 AD2d 630, 631; *see, People v Dolan*, 206 AD2d 669, 670). Also, the condition prohibiting defendant from driving an automobile was appropriate under the circumstances (*see*, Penal Law § 65.10 [5]). Accordingly, the revocation of defendant's probation and imposition of a 1 to 3-year prison sentence were not an abuse of discretion (*see, People v Martinich*, 258 AD2d 742, 743, *lv denied* 93 NY2d 927; *People v Forman, supra*, at 985; *see generally, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

Cardona, P. J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgment and order are affirmed.