■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH HUNT, Appellant. [773 NYS2d 721]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered May 15, 2002. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty to a superior court information, of

assault in the second degree (Penal Law § 120.05 [3]). Defendant contends that his waiver of indictment was ineffective because he had not been held for action by the grand jury. "Contrary to defendant's contention, the record fails to establish that defendant did not waive a preliminary hearing [or] that a hearing was not held" (*People v Chad S.*, 237 AD2d 986, 986 [1997], *lv denied* 90 NY2d 856 [1997]; *see People v Barber*, 280 AD2d 691, 692-693 [2001], *lv denied* 96 NY2d 825 [2001]). The record contains the Divestiture to Superior Court form indicating that defendant was held for grand jury action, and that judicial process is entitled to a presumption of regularity that "may be overcome only by substantial evidence" (*People v Foster*, 1 NY3d 44, 48 [2003]; *see People v Harrison*, 85 NY2d 794, 796 [1995]). In any event, "[b]ecause the record of the plea proceeding establishes that [County Court] was satisfied with the waiver and executed an order to that effect, we may presume that the matter was properly before that court" (*Chad S.*, 237 AD2d at 986 [internal citations omitted]; *see Barber*, 280 AD2d at 693). We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Green, J.P., Pine, Scudder, Kehoe and Gorski, JJ.