THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL HURD, Appellant. [784 NYS2d 435]—

Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered January 21, 2004. The judgment convicted defendant, upon his plea of guilty, of possessing an obscene sexual performance by a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of possessing an obscene sexual performance by a child (Penal Law § 263.11). We reject defendant's contention that the superior court information was jurisdictionally defective. Here, "the record fails to establish

that defendant did not waive a preliminary hearing, that a hearing was not held, or that the charges were still pending in [local criminal court] . . . . Because the record of the plea proceeding establishes that [County Court] was satisfied with the waiver and executed an order to that effect . . ., we may presume that the matter was properly before that court" (*People v Chad S.*, 237 AD2d 986, 986 [1997], *lv denied* 90 NY2d 856 [citations omitted] [1997]; *see People v Hunt*, 5 AD3d 1021, 1022 [2004]; *People v Barber*, 280 AD2d 691, 692-693 [2001], *lv denied* 96 NY2d 825 [2001]; *cf. People v Planty*, 216 AD2d 895 [1995]). By failing to move to withdraw his plea or to vacate the judgment of conviction, defendant failed to preserve for our review his further contention that his plea was not knowing, voluntary or intelligent because, at the time of the plea, the court failed to advise him of the consequences of a sex offender certification (*see generally People v Woods*, 281 AD2d 929 [2001], *lv denied* 96 NY2d 870 [2001]). In any event, that contention is without merit (*see People v Clark*, 261 AD2d 97, 99-100 [2000], *lv denied* 95 NY2d 833 [2000]). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Pine, Scudder, Kehoe and Lawton, JJ.