■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY P. GINTER, Appellant. [807 NYS2d 760]—Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered April 19, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him,

upon his plea of guilty, of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), defendant challenges the factual sufficiency of the plea allocution. That challenge is encompassed by defendant's valid waiver of the right to appeal (*see People v King*, 20 AD3d 907 [2005]; *People v Turner*, 16 AD3d 1150 [2005], *lv denied* 5 NY3d 770 [2005]) and, in any event, is without merit (*see People v Tyler*, 260 AD2d 796 [1999], *lv denied* 93 NY2d 980 [1999]). The waiver by defendant of the right to appeal also encompasses his challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Thomas*, 17 AD3d 1047, 1048 [2005], *lv denied* 5 NY3d 770 [2005]) and his contention that his statements to law enforcement agents should have been suppressed (*see People v La Bar*, 16 AD3d 1084, *lv denied* 5 NY3d 764 [2005]; *People v Taylor*, 302 AD2d 868 [2003], *lv denied* 99 NY2d 658 [2003]).

By failing to move to withdraw his plea of guilty or to vacate the judgment of conviction, defendant failed to preserve for our review his further contentions concerning County Court's alleged failure to advise him that he was subject to registration under the Sex Offender Registration Act (Correction Law § 168 *et seq.*; *see People v Hurd*, 12 AD3d 1198, 1199 [2004], *lv denied* 4 NY3d 764 [2005]) and a period of postrelease supervision (*see People v DePugh*, 16 AD3d 1083 [2005]; *People v Pan Zhi Feng*, 15 AD3d 862 [2005]; *People v Hollenbach*, 307 AD2d 776 [2003], *lv denied* 100 NY2d 642 [2003]). Similarly unpreserved for our review is the contention of defendant that his postplea statements to a probation officer negated an element of the crime to which he pleaded guilty (*see People v Young*, 281 AD2d 950 [2001], *lv denied* 96 NY2d 909 [2001]), and his contention concerning the duration of the order of protection (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]). We decline to exercise our power to review defendant's contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

The contention of defendant that he was denied effective assistance of counsel does not survive his plea of guilty inasmuch as "[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorneys' allegedly poor performance" (*People v Burke*, 256 AD2d 1244, 1244 [1998], *lv denied* 93 NY2d 851 [1999]). In any event, we conclude that defendant received effective assistance of counsel from his attorneys (*see generally People v Ford*, 86 NY2d 397, 404 [1995]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Scudder, Gorski, Smith and Lawton, JJ.