■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ERICK J. TALBACK, Appellant. [818 NYS2d 875]—

Lahtinen, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered May 13, 2005, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

Defendant was charged by felony complaints and a misdemeanor complaint with various drug-related crimes. He thereaf-

ter executed a written waiver of indictment in open court, consenting to be prosecuted by a superior court information, and County Court approved the waiver. Defendant subsequently pleaded guilty to attempted criminal possession of a controlled substance in the third degree and was sentenced as a second felony offender to a prison term of 4 to 8 years. Defendant now appeals.

Defendant contends that County Court never acquired jurisdiction over this matter, with the issue specifically distilling to whether defendant was appropriately held for action of the grand jury prior to his waiver of indictment. "[A] defendant may waive indictment and consent to be prosecuted by a [superior court information] when, among other conditions not in issue here, a local criminal court has held the defendant for [g]rand [j]ury action" (*People v Barber*, 280 AD2d 691, 692 [2001], *lv denied* 96 NY2d 825 [2001]; *see* CPL 195.10 [1]; *People v D'Amico*, 76 NY2d 877, 879 [1990]). "Being so 'held' for the action of a [g]rand [j]ury involves the filing of a felony complaint on which defendant has been arraigned and a finding after a preliminary hearing (*unless waived by defendant*) that reasonable cause exists to believe that defendant committed a felony" (*People v Barber, supra* at 692 [emphasis added]; *see People v D'Amico, supra* at 879).

Here, defendant was arraigned upon the felony complaint and, although he initially requested that a preliminary hearing be conducted on a specific date in the future, he nevertheless voluntarily entered his plea of guilty before that date, thereby effectively waiving his right to the hearing. Because defendant waived his right to a preliminary hearing and "the record of the plea proceeding establishes that the Superior Court was satisfied with the waiver [of indictment] and executed an order to that effect (*see*, CPL 195.30), we may presume that the matter was properly before that court" (*People v Chad S.*, 237 AD2d 986, 986 [1997], *lv denied* 90 NY2d 856 [1997]). Defendant's remaining assertions concerning the validity of County Court's jurisdiction, to the extent not specifically addressed herein, have been examined and found to be unavailing.

As for defendant's claim that his sentence was harsh and excessive, we decline to review this issue given his knowing, intelligent and voluntary waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Tate*, 28 AD3d 801 [2006]).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.