■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIRK D. BROWN, Appellant. [850 NYS2d 699]—

Lahtinen, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered October 23, 2006, convicting defendant upon his plea of guilty of the crimes of forgery in the second degree, criminal possession of stolen property in the fourth degree, aggravated unlicensed operation of a motor vehicle in the second degree and driving while intoxicated.

On September 12, 2005, defendant was arrested and charged with criminal possession of stolen property in the fourth degree. He was arraigned in local court, where he entered a plea of not guilty. On March 3, 2006, an indictment was filed charging defendant with criminal possession of stolen property in the fourth degree in connection with this arrest. On that same date, he entered a not guilty plea to such charge in County Court.

In the meanwhile, on February 18, 2006, defendant was charged with, among other things, the crimes of driving while intoxicated as a misdemeanor and aggravated unlicensed operation of a motor vehicle in the first degree. With respect to these charges, he appeared in local court and was arraigned on the charges on March 1, 2006.

Ultimately, on September 11, 2006, defendant waived indictment in County Court and agreed to be prosecuted by a superior court information (hereinafter SCI) not only on the aforementioned charges stemming from his February 18, 2006 arrest, but also on an unrelated charge of forgery in the second degree arising out of an arrest in the Town of Potsdam, St. Lawrence County. At the September 11, 2006 proceedings, County Court announced that it was sitting as a local court for the Town of Potsdam for purposes of the forgery charge, and defendant waived his right to a preliminary hearing with respect to such charge. On September 13, 2006, pursuant to a plea agreement,

defendant pleaded guilty to the charges contained both in the indictment and the SCI and waived his right to appeal.

Defendant argues that County Court lacked jurisdiction under the SCI to accept defendant's guilty plea or to sentence him, which argument by necessity concerns the crimes other than the single count of criminal possession of stolen property, for which he had been indicted. We note at the outset that such argument survives both the guilty plea and the waiver of the right to appeal since it relates to a jurisdictional matter (*see People v Chianese*, 41 AD3d 1168, 1169 [2007]; *People v Jackson*, 39 AD3d 1089, 1091 [2007], *lv denied* 9 NY3d 845 [2007]).

At the core of defendant's multifaceted argument is the contention that he was not appropriately held for action of the grand jury prior to his waiver of indictment. Pursuant to CPL 195.10 (1), a defendant may waive indictment and consent to be prosecuted by a SCI when, among other conditions not relevant here, a local criminal court has held the defendant for grand jury action (*see People v Gallagher*, 34 AD3d 941, 942 [2006], *lv denied* 8 NY3d 880 [2007]; *People v Talback*, 32 AD3d 559, 560 [2006], *lv denied* 7 NY3d 870 [2006]). "Being so 'held' for the action of a [g]rand [j]ury involves the filing of a felony complaint on which defendant has been arraigned and a finding after a preliminary hearing (unless waived by defendant) that reasonable cause exists to believe that defendant committed a felony" (*People v Barber*, 280 AD2d 691, 692 [2001], *lv denied* 96 NY2d 825 [2001] [citations omitted]). As this Court has stated, "[i]n practical terms, this means that a defendant must be arrested and arraigned in a local criminal court prior to executing the waiver" (*People v Mitchell*, 235 AD2d 834, 835 [1997], *lv denied* 89 NY2d 1038 [1997]).

Here, although certain town court records might be read to indicate that defendant was not held for grand jury action until October 19, 2006—after he had waived indictment and, in fact, after he had entered his guilty plea—it is obvious from our review of the record that such was not the case. Defendant was, in fact, arraigned on all charges contained in the SCI prior to waiving indictment with respect to those charges, and defendant did not challenge the validity of the arraignment proceedings. Under the circumstances presented herein, we find no merit to defendant's argument (*see People v Valenti*, 264 AD2d 904, 905 [1999], *lv denied* 94 NY2d 926 [2000]).

Defendant's argument that his waiver of indictment was not knowingly and intelligently made was forfeited by his guilty plea and, thus, is unpreserved for our review (*see People v Powers*, 302 AD2d 685, 685 [2003]). With respect to the remaining

contentions, we note that such are precluded from our consideration in view of defendant's waiver of his right to appeal (*see People v Beaumont*, 299 AD2d 657, 658 [2002], *lv denied* 99 NY2d 580 [2003]), concern matters outside the record of the proceedings in this case or are lacking in merit.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.