THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK A. DENNIS, Appellant. [886 NYS2d 240]—

Lahtinen, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered July 2, 2008, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.

Pursuant to the terms of a plea agreement, defendant pleaded guilty to a superior court information charging him with promoting prison contraband in the first degree and waived his right to appeal. County Court sentenced defendant to a prison term of 1 to 3 years and defendant now appeals.

We affirm. Defendant argues that his waiver of the right to appeal was invalid, but he executed a sworn statement in support of the plea agreement which included the appeal waiver and confirmed that he had discussed the agreement with counsel. He also stated on the record that he understood his right to appeal, was waiving it voluntarily and had no questions for either his attorney or County Court regarding the issue. Under these circumstances, defendant's appeal waiver was knowing, voluntary and intelligent (*see People v Gilmour*, 61 AD3d 1122, 1123 [2009], *lv denied* 12 NY3d 925 [2009]; *People v Getter*, 52 AD3d 1117, 1118 [2008]).

Defendant's next argument, that his waiver of indictment was invalid given the absence of evidence that a local criminal court held him over for grand jury action, is a jurisdictional one which survives his appeal waiver and guilty plea (*see* CPL 195.10 [1] [a]; *People v Boston*, 75 NY2d 585, 589 n [1990]; *People v Libby*, 246 AD2d 669, 670 [1998]). Nevertheless, the fact that the case had been transferred to County Court evidences that defendant had been held for action by the grand jury, and County Court's order approving the waiver of indictment states that CPL 195.10 was complied with (*see* CPL 180.30, 180.70; *People v Barber*, 280 AD2d 691, 692-693 [2001], *lv denied* 96 NY2d 825 [2001]; *People v Chad S.*, 237 AD2d 986 [1997], *lv denied* 90 NY2d 856 [1997]). Given the presumption of regular-

ity accorded to judicial proceedings and defendant's failure to submit any proof that would call that presumption into question, we conclude that the waiver of indictment was valid (*see People v Washington*, 138 AD2d 857, 858 [1988]).

Finally, defendant's challenge to the factual sufficiency of the plea allocution is precluded by his appeal waiver, as "nothing in the plea allocution casts doubt on defendant's guilt, negates an essential element of the crime to which he pleaded, or otherwise calls into question the voluntariness of the plea" (*People v Jackson*, 30 AD3d 824, 825 [2006]; *see People v Hyson*, 56 AD3d 890, 891 [2008], *lv denied* 12 NY3d 758 [2009]).

Spain, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.