■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM R. SABIN, Appellant. [905 NYS2d 282]—

McCarthy, J. Appeal from a judgment of the County Court of Franklin County (Clute, J.), rendered April 9, 2009, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

On August 25, 2008, while defendant was giving a piggy-back ride to a seven-year-old girl whom he had spent the entire summer babysitting, he slipped his hand under her pants and rubbed her vagina. Less than a week later, he was charged in Bangor Town Court with sexual abuse in the first degree and two counts of endangering the welfare of a child. He subsequently executed a written waiver of indictment in open court, consenting to be prosecuted by a superior court information, and County Court approved the waiver. Thereafter, with the understanding that his plea would satisfy all of the charges as well as any alleged conduct with the victim occurring between June 2008 and August 2008, defendant pleaded guilty to sexual abuse in the first degree and was sentenced to seven years in prison followed by 10 years of postrelease supervision. Defendant appeals.

Defendant asserts that County Court never acquired jurisdiction over this matter because "it appears" that the local criminal court did not hold defendant for action of the grand jury or forward proper divestiture documentation to County Court (see CPL 180.30, 195.10). In addition to demonstrating that defendant waived his right to a preliminary hearing, however, the rec-

ord establishes that divestiture forms—accompanied by the felony complaint, a securing order and a supporting deposition—were properly transmitted to County Court before defendant executed the indictment waiver (*see* CPL 180.30; *see generally People v Brown*, 47 AD3d 1162, 1163 [2008], *lv denied* 10 NY3d 838 [2008]). Moreover, in approving defendant's waiver of indictment, County Court indicated that the waiver fully complied with the requirements of CPL 195.10 and 195.20 (*see People v Barber*, 280 AD2d 691, 693 [2001], *lv denied* 96 NY2d 825 [2001]; *People v Valenti*, 264 AD2d 904, 905 [1999], *lv denied* 94 NY2d 926 [2000]). Thus, "[a]ccording the judicial proceedings a presumption of regularity and in view of defendant's failure to submit proof to the contrary, we find that the waiver of indictment was valid, no violation of CPL 195.10 was established" and County Court properly acquired jurisdiction (*People v Barber*, 280 AD2d at 693 [citation omitted]; *see People v Washington*, 138 AD2d 857, 858 [1988]).

We likewise reject defendant's contention that the sentence imposed by County Court was harsh and excessive. The record discloses that defendant and the victim's mother were best friends and that he volunteered to babysit for the victim partly based on his awareness that the mother was reluctant to leave the victim with someone she did not trust. Moreover, the incident leading to defendant's arrest occurred within five feet of the mother while she, defendant and the victim were taking a walk. Accordingly, given the nature of the crime, the age of the victim and defendant's exploitation of the family's trust, we discern no extraordinary circumstances or abuse of discretion warranting a reduction of defendant's sentence (*see People v Frary*, 29 AD3d 1223, 1226 [2006], *lv denied* 7 NY3d 788 [2006]; *People v Agan*, 301 AD2d 968, 968 [2003]; *People v Shook*, 294 AD2d 710, 713-714 [2002], *lv denied* 98 NY2d 702 [2002]).

Cardona, P.J., Spain, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.