**6** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT DAVENPORT, Appellant. [964 NYS2d 759]—

Garry, J. Appeal from a judgment of the County Court of Rensselaer County (Jacon, J.), rendered December 16, 2011, convicting defendant upon his plea of guilty of the crime of failure to register as a sex offender under the Sex Offender Registration Act.

Defendant failed to register his change of address within 10 days after he moved to the Town of Stephentown, Rensselaer County, as required by the Sex Offender Registration Act (see Correction Law §§ 168-f [4]; 168-t). He waived his right to prosecution by indictment and was charged by superior court information (hereinafter SCI) with the crime of failure to register as a sex offender. He pleaded guilty to this crime in full satisfaction of this charge and another charge then pending against him, executed a written waiver of the right to appeal and was sentenced to a prison term of 1 to 3 years. He appeals.

Defendant contends that his waiver of indictment and the SCI are jurisdictionally defective. Neither of these claims is precluded by his guilty plea or his waiver of the right to appeal (see People v Kamburelis, 100 AD3d 1189, 1189 [2012]; People v Brown, 47 AD3d 1162, 1163 [2008], lv denied 10 NY3d 838 [2008]; People v Welch, 46 AD3d 1228, 1228-1229 [2007], lv denied 10 NY3d 845 [2008]). As to the waiver of indictment, defendant alleges that the record does not establish that the statutory requirements were met as, among other things, it fails to show that he was held for grand jury action by a local criminal court (see CPL 195.10). Defendant does not contend that he was not held for action by a grand jury, but limits his claim to the absence of record proof. However, the transfer of defendant's case to County Court is evidence that he was held by a local criminal court for grand jury action, and a mere void in the record is insufficient to establish his claim (see People v Barber, 280 AD2d 691, 693 [2001], lv denied 96 NY2d 825 [2001]; People v Washington, 138 AD2d 857, 858 [1988]). Further, by expressing its approval of the waiver of indictment and signing a writ-

ten order to that effect, the court implicitly found that the waiver of indictment satisfied statutory requirements (*see* CPL 195.30). Notably, this order followed a thorough colloquy conducted to ascertain that defendant understood the nature of the rights he was surrendering; further, the prosecutor had expressed consent, and defendant had executed the written waiver in open court in his counsel's presence (*see* CPL 195.10 [1] [c]; 195.20; *People v Barber*, 280 AD2d at 693; *People v Chad S.*, 237 AD2d 986, 986 [1997], *lv denied* 90 NY2d 856 [1997]). Lacking affirmative proof that the waiver did not fulfill statutory requirements or that other defects existed, we accord a presumption of regularity to the proceedings, and find the waiver of indictment valid (*see People v Sabin*, 73 AD3d 1390, 1391 [2010], *lv denied* 15 NY3d 809 [2010]; *People v Dennis*, 66 AD3d 1058, 1058-1059 [2009]).

As to the SCI, we reject defendant's contention that it failed to adequately specify the dates upon which he failed to register. Although the SCI must specify that a charged crime was committed "on, or on or about, a designated date, or during a designated period of time," the degree of precision can vary depending upon the underlying charge (CPL 200.50 [6]; *see People v Morris*, 61 NY2d 290, 294 [1984]; *People v Slingerland*, 101 AD3d 1265, 1266 [2012], *lv denied* 20 NY3d 1104 [2013]).* To satisfy this requirement as to the crime with which defendant was charged, the SCI necessarily had to specify a period of time greater than 10 days, rather than a single date. Here, the SCI alleged that defendant failed to register "on or about the 28th of July, 2011, and the 10th day of August, 2011." This formulation—presumably referencing the date of defendant's move and a second date more than 10 days thereafter by which he had not registered—was adequate to inform defendant of the time period in question. As the SCI also incorporated all the elements of the charged crime by reference to the applicable statutes, it was effective to charge defendant with all of the elements of the crime and to afford him fair notice of the charges against him (*see People v D'Angelo*, 98 NY2d 733, 734-735 [2002]; *People v Welch*, 46 AD3d at 1229).

Lahtinen, P.J., Stein and Spain, JJ., concur. Ordered that the judgment is affirmed.

---

* Unless expressly provided, all statutes that apply to an indictment also apply to an SCI (*see* CPL 200.10, 200.15).