■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD HAUENSTEIN, Appellant. [965 NYS2d 252]—

Stein, J. Appeal from a judgment of the County Court of Rensselaer County (Jacon, J.), rendered June 17, 2011, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the fourth degree.

Pursuant to the terms of a plea agreement, defendant waived indictment and pleaded guilty to a superior court information charging him with criminal possession of stolen property in the fourth degree. At sentencing, defendant's motion to withdraw his plea was denied and defendant was thereafter sentenced, as agreed, to a prison term of 1½ to 3 years and restitution in the amount of $320. Defendant now appeals.

We disagree with defendant's argument that County Court improperly denied his motion to withdraw his guilty plea, as the record reflects that defendant's plea was in all respects knowing and voluntary (*see People v Wilson*, 92 AD3d 981, 981 [2012], *lv denied* 19 NY3d 1029 [2012]; *People v Shurock*, 83 AD3d 1342, 1343 [2011]). Defendant's contention that the waiver of indictment and superior court information upon which he was prosecuted were invalid due to the absence of record evidence that a local criminal court held him over for grand jury action is also unavailing (*see* CPL 195.10). The record reflects that defendant was arraigned in the Pittstown Town Court and sent to the Rensselaer County jail without bail. The case was transferred to County Court, indicating that defendant had been held for action by the grand jury, and County Court's order approving the waiver of indictment states that there was compliance with CPL 195.10. Moreover, during the plea proceedings, County Court advised defendant of the rights he was giving up by waiving indictment and proceeding on a superior court information. Given the presumption of regularity accorded to judicial proceedings and defendant's failure to submit any proof tending to rebut that presumption, we conclude that the waiver of

indictment was valid (*see People v Davis*, 84 AD3d 1645, 1646 [2011], *lv denied* 17 NY3d 815 [2011]; *People v Dennis*, 66 AD3d 1058, 1058-1059 [2009]; *People v Barber*, 280 AD2d 691, 692-693 [2001], *lv denied* 96 NY2d 825 [2001]).

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.