■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SIMMONS, Appellant. [973 NYS2d 865]—

Egan Jr., J. Appeal from a judgment of the County Court of Rensselaer County (Jacon, J.), rendered January 18, 2011,

convicting defendant upon his plea of guilty of the crime of rape in the first degree.

Defendant waived indictment and pleaded guilty to a superior court information charging him with rape in the first degree. The charges stemmed from an incident that occurred on New Year's Eve in 2008, when defendant engaged in sexual intercourse by forcible compulsion with a 14-year-old victim. Defendant thereafter was sentenced to the agreed-upon prison term of 10 years followed by 20 years of postrelease supervision. Defendant now appeals, contending that County Court failed to comply with the procedural requirements of CPL 195.10 and 195.20.

We affirm. Although the plea minutes are silent with respect to the precise circumstances under which defendant executed the written waiver of indictment, a review of the underlying allocution reveals that County Court explained the effect of the waiver, and defendant thereafter acknowledged that he was relinquishing his right to have the matter presented to a grand jury. The record further reflects that the written waiver—bearing the same date as the plea allocution—was executed in counsel's presence, and County Court's order approving the waiver expressly recites that it was "executed in open court." Under these circumstances, we are satisfied that defendant's waiver of indictment conformed to the requirements of CPL 195.20 (*see People v Davis*, 84 AD3d 1645, 1646 [2011], *lv denied* 17 NY3d 815 [2011]; *People v Wicks*, 42 AD3d 585, 585 [2007]; *compare People v Catnott*, 92 AD3d 977, 978 [2012]).

Defendant's related claim—that the waiver of indictment and resulting superior court information were invalid absent record evidence that he was held over for grand jury action—is equally unavailing. Contrary to defendant's assertion, "the transfer of [his] case to County Court is evidence that he was held by a local criminal court for grand jury action, and a mere void in the record is insufficient to establish his claim" (*People v Davenport*, 106 AD3d 1197, 1197 [2013], *lv denied* 21 NY3d 1073 [2013]; *see People v Dennis*, 66 AD3d 1058, 1058 [2009]; *People v Barber*, 280 AD2d 691, 693 [2001], *lv denied* 96 NY2d 825 [2001]; *People v Washington*, 138 AD2d 857, 858 [1988]). Additionally, County Court's order approving defendant's waiver of indictment expressly stated that such waiver "fully complie[d]" with the provisions of CPL 195.10 (*see People v Sabin*, 73 AD3d 1390, 1391 [2010], *lv denied* 15 NY3d 809 [2010]; *People v Dennis*, 66 AD3d at 1058; *People v Barber*, 280 AD2d at 693; *People v Washington*, 138 AD2d at 858). Finally, in light of the presumption of regularity accorded to judicial proceedings and defend-

ant's corresponding failure to tender any proof that would call that presumption into question, we find that the waiver of indictment was valid (*see People v Hauenstein*, 106 AD3d 1339, 1339-1340 [2013], *lv denied* 21 NY3d 1042 [2013]; *People v Sabin*, 73 AD3d at 1391; *People v Dennis*, 66 AD3d at 1058-1059; *People v Barber*, 280 AD2d at 693; *People v Washington*, 138 AD2d at 858).

Peters, P.J., Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.