People v Cicio (2018 NY Slip Op 00532)





People v Cicio


2018 NY Slip Op 00532


Decided on January 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2018

Friedman, J.P., Gische, Mazzarelli, Kern, Singh, JJ.


5567 1751/15

[*1]The People of the State of New York, Respondent,
v
Terry Cicio, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Samuel E. Steinbock-Pratt of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jennifer L. Watson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Marc J. Whiten, J.), rendered January 4, 2016, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of eight years, unanimously affirmed.
The record sufficiently establishes that defendant's waiver of indictment and prosecution by superior court information satisfied the requirement that a "criminal court has held the defendant for the action of a grand jury" (CPL 195.10). The record demonstrates that upon defendant's waiver of the case to the grand jury (see CPL 180.30[1]), the court, sitting as a hybrid part, transferred the case from its Criminal Court capacity to its Supreme Court capacity, thereby effectively ordering defendant held for grand jury action (see People v Yunga, 122 AD3d 951 [2d Dept 2014], lv denied 25 NY3d 993 [2015]; People v Davenport, 106 AD3d 1197 [3d 2013], lv denied 21 NY3d 1073 [2013]).
The court properly exercised its discretion in summarily denying defendant's motion to withdraw his plea made pro se while represented by counsel (see People v Frederick, 45 NY2d 520 [1978]). "[T]he nature and extent of the fact-finding procedures on such motions rest largely in the discretion of the court" (People v Fiumefreddo, 82 NY2d 536, 544 [1993]). Defendant submitted only a generalized standard form motion without inserting any specific allegations, and there was nothing to cast doubt on the voluntariness of the plea.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2018
CLERK