People v Fox (2018 NY Slip Op 01288)





People v Fox


2018 NY Slip Op 01288


Decided on February 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2018

Andrias, J.P., Gesmer, Kern, Singh, Moulton, JJ.


5830 3294/15

[*1]The People of the State of New York, Respondent,
v
Paul Judge Fox, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Samuel E. Steinbock-Pratt of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Frank Glaser of counsel), for respondent.



Judgment, Supreme Court, New York County (Richard M. Weinberg, J. at plea; Tamiko Amaker, J. at sentencing), rendered April 29, 2016, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him to a term of three years' probation, unanimously affirmed.
The record sufficiently establishes that defendant's waiver of indictment and prosecution by superior court information satisfied the requirement that a "criminal court has held the defendant for the action of a grand jury" (CPL 195.10[1][a]). First, the criminal court record, including the back of the court papers, supports a finding that defendant was held for grand jury action at his arraignment (see People v Brown, 47 AD3d 1162, 1163 [3d Dept 2008], lv denied 10 NY3d 838 [2008]; People v Barber, 280 AD2d 691, 692-693 [3d Dept 2001], lv denied 96 NY2d 825 [2001]). In any event, regardless of whether the events at defendant's criminal court arraignment constituted a holding for the grand jury, any jurisdictional defect was cured by the ensuing events in Part N, a hybrid part. In Part N, defendant waived the case to the grand jury (see CPL 180.30[1]), and the court immediately transferred the case from its Criminal Court capacity to its Supreme Court capacity. This effectively ordered defendant held for grand jury action, and permitted the court to accept a waiver of indictment (see People v Cicio, AD3d, 2018 NY Slip Op 00532 [Jan 30, 2018]; see also People v Simmons, 110 AD3d 1371, 1372 [3d Dept 2013]).
The court providently exercised its discretion in denying defendant's motion to withdraw his guilty plea. The plea minutes demonstrate that defendant voluntarily, knowingly, and intelligently pleaded guilty in exchange for a favorable sentence of probation (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]. The court had sufficient grounds to find that any emotional distress defendant was experiencing as the result of personal problems had no effect on the voluntariness of his plea. The court also properly rejected defendant's claim of innocence, which was contrary to his plea allocution, where he specifically admitted intent to sell, and the factual information before the court. The evidence indicated that defendant acted in concert with a codefendant in a drug selling operation conducted from defendant's apartment, and it could be reasonably inferred that defendant and the codefendant intended to sell whatever drugs were in the apartment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2018
CLERK