People v Lunt (2024 NY Slip Op 05847)

People v Lunt

2024 NY Slip Op 05847

Decided on November 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 21, 2024

113411 113412
[*1]The People of the State of New York, Respondent,
v
David W. Lunt, Appellant.

Calendar Date:October 18, 2024

Before:Egan Jr., J.P., Clark, Ceresia, Powers and Mackey, JJ.

John B. Casey, Albany, for appellant.
G. Scott Walling, Special Prosecutor, Slingerlands, for respondent.

Egan Jr., J.P.
Appeals (1) from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered October 27, 2021, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree, and (2) from a judgment of said court, rendered October 27, 2021, convicting defendant upon his plea of guilty of the crime of promoting a sexual performance by a child.
Defendant waived indictment and agreed to be prosecuted pursuant to two superior court informations, one charging attempted rape in the first degree and the other charging promoting a sexual performance by a child. The attempted rape charge stemmed from a December 2018 incident in which defendant, then 17 years old, attempted to engage in sexual intercourse with a one-year-old child. The remaining charge related to a June 2020 incident wherein defendant downloaded and viewed child pornography on his cell phone. Although recommending against it, the People acknowledged that defendant was eligible for youthful offender treatment with respect to the attempted rape charge. The plea agreement contemplated that, if such treatment were denied, defendant would be sentenced to a prison term of 10 years, to be followed by between 5 and 15 years of postrelease supervision. With respect to the remaining charge (for which defendant was not eligible for youthful offender treatment), the agreed-upon sentence was a concurrent term of 2 to 6 years in prison. The plea agreement also required defendant to waive his right to appeal and encompassed any additional charges that could be brought with respect to a specific victim. Defendant, after assuring County Court that he was alert and that he was not receiving care for any condition that would impair his cognitive abilities, pleaded guilty to the charged crimes. County Court declined to accord defendant youthful offender treatment and imposed the contemplated terms of imprisonment, with a 15-year period of postrelease supervision to follow the prison term imposed upon the attempted rape conviction. These appeals ensued.
We affirm. Preliminarily, we reject defendant's claim that his waivers of indictment were invalid. A defendant may, "with the consent of the district attorney, . . . waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney" by executing a "written instrument . . . in open court in the presence of his or her counsel" (NY Const, art I, § 6; see CPL 195.10, 195.20; People v Trapani, ___ AD3d ___ [3d Dept 2024] [decided herewith]). Although the plea colloquy itself does not specify when "defendant executed the written waiver[s] of indictment" in open court, it does reflect "that County Court explained the effect of the waiver[s], and defendant thereafter acknowledged that he was relinquishing his right to have the matter[s] presented to a grand jury" (People v Simmons, 110 AD3d 1371, 1372 [3d Dept 2013]; see People v Patterson, 227 AD3d 1231, 1232 [3d Dept 2024], lv denied[*2]___ NY3d ___ [Oct. 30, 2024]). The record contains written waivers signed by defendant and witnessed by his counsel, and County Court executed dated orders approving each of those waivers that explicitly state the waivers were executed by defendant "in open court" and "in the presence of his attorney" (see People v Patterson, 227 AD3d at 1232; People v Simmons, 110 AD3d at 1372; compare People v Trapani, ___ AD3d ___ [decided herewith]). Under these circumstances, we are satisfied that defendant's waivers of indictment are valid (see People v Myers, 32 NY3d 18, 21 [2018]; People v Patterson, 227 AD3d at 1232; People v Garry, 206 AD3d 1170, 1171 [3d Dept 2022]).
Turning to defendant's remaining arguments, the People concede, and our review of the record confirms, that defendant's waiver of the right to appeal is invalid (see People v Loya, 215 AD3d 1181, 1182 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). Nevertheless, defendant's challenge to the voluntariness of his plea, as well as his ineffective assistance of counsel claim to the extent it impacted upon that voluntariness, are unpreserved for our review in the absence of an appropriate postallocution motion (see People v Ulmer, 226 AD3d 1259, 1260 [3d Dept 2024], lv denied 42 NY3d 930 [2024]; People v Sharpton, 225 AD3d 1097, 1097-1098 [3d Dept 2024], lv denied 41 NY3d 1020 [2024]). Contrary to defendant's assertion, the narrow exception to the preservation requirement was not triggered here. Although defendant asserted at sentencing, among other things, that he had initially denied having raped any children during an interview with investigators but eventually "told [the State Police] exactly what they wanted to hear" without understanding "the consequences it would bring," he notably failed to claim that he was actually innocent of the offenses to which he had pleaded guilty or that his plea was anything less than voluntary. Defendant's statements therefore failed to negate an element of the charged crimes, call into question his sworn admissions of guilt or otherwise trigger County Court's duty of further inquiry (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 666 [2009]; People v DeJesus, 210 AD3d 1195, 1196 [3d Dept 2022], lv denied 39 NY3d 985 [2022]; People v Tucker, 161 AD3d 1481, 1482 [3d Dept 2018], lv denied 31 NY3d 1153 [2018]).
In light of the invalid appeal waiver, defendant's challenge to the denial of his request for youthful offender treatment with respect to the attempted rape conviction is not precluded (see People v Wimberly, 228 AD3d 1177, 1178 [3d Dept 2024], lv denied ___ NY3d ___ [Oct. 23, 2024]). That said, we discern no basis upon which to disturb that denial. The record reflects that County Court reviewed and referenced the evaluative analysis set forth in the presentence report, which set forth, among other things, defendant's lack of prior contact with the criminal justice system and self-reported psychological and educational issues[*3]. Contrary to defendant's assertion, we are not persuaded that County Court impermissibly delegated its responsibilities under CPL 720.20 (5) (b), nor can we say that County Court abused its discretion in denying defendant youthful offender treatment given the nature of the underlying conduct (see People v Thaxton, 222 AD3d 1171, 1173 [3d Dept 2023], lv denied 42 NY3d 930 [2024]). We are further unpersuaded that the factors identified by defendant "warrant a substitution of our own discretion to grant defendant youthful offender status" (People v Wolcott, 154 AD3d 1001, 1001 [3d Dept 2017], lv denied 31 NY3d 1089 [2018]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the judgments are affirmed.